**Walter BARITSKY, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 90–1549.**

United States Court of Veterans Appeals.

Jan. 13, 1993.

Walter Baritsky, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. McNamee, Washington, DC, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Walter Baritsky, appeals an August 29, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which found that "new and material" evidence had not been submitted to reopen his claim for disability benefits under 38 U.S.C. § 1151 (formerly § 351).

**42**

## BACKGROUND

Appellant had active service from May 1946 to December 1947. On July 11, 1979, appellant was admitted to a Department of Veterans Affairs (formerly the Veterans' Administration) (VA) psychiatric ward for evaluation because of paranoid ideation. Hospitalization records indicate that appellant was voluntarily admitted to the psychiatric ward. However, appellant contends that the VA facility held him against his will and that he was forced to take mind-altering drugs. Appellant maintains that he had no mental disorder upon admission to the VA psychiatric ward.

In August 1980, appellant applied for compensation for a nervous disorder. In a May 1981 rating decision, a VA Regional Office (RO) granted appellant non-service-connected pension benefits for paranoid schizophrenia, rated at 70%. Thereafter, appellant claimed that he should have been granted service connection for post-traumatic stress disorder (PTSD) under 38 U.S.C. § 1151, claiming that his PTSD was caused by the abuse he suffered at the VA hospital. In October 1981, the chief of the psychiatric service at the VA hospital reviewed appellant's records. The doctor found that appellant had paranoid ideation for approximately one year prior to hospitalization. The doctor also found that hospital records indicated appellant was prescribed valium, thorazine, and dalmane, on an as-needed basis, but that appellant was not given any medication. In a November 1981 rating decision, the RO determined that appellant's PTSD was not caused by the 1979 hospitalization and denied appellant's claim.

Appellant appealed the November 1981 rating decision. In April 1982, appellant testified at a personal hearing that he was mistreated during his hospitalization and that the doctors and staff at the VA facility participated in a conspiracy to deprive him of his real estate. In May 1982, the RO confirmed the previous rating decision. Subsequently, appellant submitted lay statements from relatives and acquaintances which stated that appellant was normal before hospitalization but had experienced difficulties thereafter. In May 1983, the Board denied appellant's claim, concluding there was no evidence of negligence, lack of skill, error in judgment, or mistreatment of appellant by the VA doctors and hospital staff.

Appellant subsequently attempted to reopen his claim by submitting court documents relating to a lawsuit against the VA hospital filed in federal district court and more personal hearing testimony. In August 1986 and September 1987 rating decisions, the RO confirmed the 1983 BVA decision finding that no "new and material" evidence had been submitted since 1983. Appellant appealed these decisions to the BVA and submitted more new evidence consisting of testimony from a March 1990 personal hearing and photocopies of various documents and newspaper articles. In August 1990, the Board found once again that appellant's mental illness was not caused by his stay at the VA hospital.

## ANALYSIS

A previously and finally disallowed claim cannot be reopened by the Secretary of Veterans Affairs, unless "new and material" evidence is presented with respect to that claim. 38 U.S.C. § 5108 (formerly § 3008). The BVA must perform a two-part analysis when a veteran seeks to reopen a claim based upon new evidence. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). The Board must first decide if the additional evidence is "new and material"; if so, the Board must review the veteran's claim in light of both the old and the new evidence. *Id.*

In the August 1990 decision, the BVA found that "[e]vidence submitted since the prior denial is new and material, but it does not establish that additional disability resulted from VA hospitalization or treatment." *Walter Baritsky*, BVA 90–29617, at 5 (Aug. 29, 1990). The BVA then went on to state: "New and material evidence has not been submitted which establishes entitlement to disability benefits under the provisions of 38 U.S.C. § [1151] for a psychiatric disorder." *Id.* It is unclear from this combination of statements whether the

Board actually reopened the claim. However, in light of this Court's jurisprudence on "new and material" evidence, it is unnecessary to resolve this matter.

 This Court reviews the determination of whether "new and material" evidence was submitted de novo. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Id.* "Material" evidence is evidence which is "relevant and probative of the issue at hand" and which, "when viewed in the context of all the evidence, both new and old, would [possibly] change the outcome." *Id.* "New and material" evidence was not submitted in this case. Appellant's personal hearing testimony and statements from relatives and acquaintances are relevant and arguably "material." However, this evidence is cumulative of previously submitted evidence and is not "new." That evidence which is "new," newspaper articles and documents submitted to the district court, is neither relevant nor "material" to appellant's claim. Thus if the BVA did reopen, "[a] reopening was inappropriate here, and, had an error been alleged in the Board's ensuing review process, such error would be considered harmless." *Kehoskie v. Derwinski*, 2 Vet.App. 31, 32 (1991).

Additionally, the Court notes that the 1990 BVA decision was issued prior to this Court's decision in *Gardner v. Derwinski*, 1 Vet.App. 584 (1991). In that case this Court held that a disability incurred during treatment at a VA hospital is compensable without regard to negligence. However, in the instant case, the BVA found factually and plausibly that no disability resulted from VA hospitalization or treatment. Therefore, the Court's decision in *Gardner* is inapplicable to the present case.

The decision of the Board is AFFIRMED.