MEMORANDUM DECISION
FARLEY, Associate Judge:
This is an appeal from an October 5, 1990, decision of the Board of Veterans’ Appeals (BVA or Board) which denied entitlement to disability benefits under 38 U.S.C.A. 1151 (West 1991) for the residuals of nasal surgery. A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). On September 16, 1991, appellant filed an informal brief. On August 4,1992, the Secretary of Veterans Affairs (Secretary) filed a brief.
Appellant served in the United States Army from November 4,1969, until December 15, 1969. R. at 1, 46. Appellant currently has no service-connected disabilities. Appellant’s medical records indicate that a Veterans’ Administration (now Department of Veterans Affairs) (VA) physician examined appellant on October 22, 1976, in response to appellant’s complaint that he has experienced breathing difficulty after breaking his nose a year earlier. R. at 11, 13. The examining physician recommended a septal reconstruction, which appellant declined. Id. Appellant returned to the VA hospital for decongestants on November 16, 1976, and November 30, 1976. R. at 14-15. On both occasions the examining physician recommended that appellant undergo septal reconstruction. Id. On January 18, 1977, appellant was admitted to the VA hospital for breathing difficulty. R. at 16. On admission, appellant reported that he had fractured his nose in an August 1975 motorcycle accident. Id. Dr. Stephen Lazarus diagnosed appellant’s condition as a nasal septal deformity and also recommended that appellant undergo a septal reconstruction to correct this condition. Id. Appellant underwent the surgery the following day. R. at 17, 21-22, 24. The operation report indicated that the surgery was successful and that “the patient was allowed to return to his room in good condition.” R. at 22. The postoperative diagnosis was deviated septum, and the hospital discharge summary evaluated appellant’s postoperative course as satisfactory. R. at 20. A February 1, 1977, notation on appellant’s medical records indicates that appellant called the VA hospital on January 31, 1977, complaining of “some [unreadable] and dryness of the nose.” R. at 26. On September 22, 1977, appellant returned to the VA hospital and was examined after *419 reporting a recurring problem with nasal obstruction. R. at 32, 37. The examining physician’s report described appellant’s nose as appearing “quite normal now— patent airway.” R. at 37. On January 10, 1978, appellant received treatment at an emergency room for a fractured nose, which appellant said resulted from an attack by two individuals. R. at 26, 39-40. A consultation report described appellant’s internal airways as good and stated that appellant’s “external nasal bones [are] in reasonable cosmetic alignment.” R. at 42. Appellant was involved in an altercation on December 6,1981, and as a result, he again required treatment for a fracture of the right nasal bone. R. at 44.
In February 1988, appellant submitted an application for compensation or pension for residuals of his 1977 nasal surgery. R. at 46-49. Appellant alleged that the VA surgeon who performed the 1977 surgery committed malpractice, which caused appellant’s breathing difficulty. R. at 45. On June 3, 1988, the VA Regional Office (RO) received appellant's application for a non-service-connected pension (R. at 55-58), and on June 6, 1988, the RO requested that appellant submit evidence to support his claim of complications resulting from his 1977 surgery. R. at 54. In an October 31, 1988, rating decision, the RO denied appellant’s claim for compensation for residuals of nasal surgery. R. at 61. The RO based this denial on the grounds that appellant’s medical records show that the 1977 nasal surgery was successful, that there was no indication of negligence or fault by the VA, and that appellant did not experience additional disabilities because of the VA’s treatment. Id. Appellant did not appear at a personal hearing which he requested on November 9, 1988. R. at 60, 70. On May 31, 1989, the RO confirmed and continued the October 31, 1988, rating decision denying compensation. R. at 70. Appellant perfected his appeal to the BVA, which resulted in the October 5, 1988, decision which forms the basis of appellant’s appeal to this Court.
In his brief, the Secretary requests a remand in light of this Court’s decision in Gardner v. Derwinski, 1 Vet.App. 584 (1991). Br. at 5-7. The Gardner decision invalidated 38 C.F.R. § 3.358(c)(3), which requires either accident or fault on the VA’s part before a veteran may receive compensation for any aggravation or injury resulting from treatment at a VA facility, as exceeding the Secretary’s authority and inconsistent with the plain meaning of 38 U.S.C.A. § 1151 (West 1991). Id. at 588. The present case may be distinguished from Gardner, however, because here the BVA found that appellant did not incur additional disability due to VA treatment whereas the BVA found that Mr. Gardner did incur additional disability as a result of such treatment. See Baritsky v. Principi, 4 Vet.App. 41, 43 (1993). Therefore, 38 U.S.C.A. § 1151 and 38 C.F.R. § 3.358(a) govern appellant’s case. The Secretary’s arguments based on this Court’s decision in Gardner, supra, are inapplicable; therefore, the Secretary’s motion for remand will be denied.
38 U.S.C.A. § 1151 reads in pertinent part:
[W]here any veteran shall have suffered an injury, or an aggravation of an injury, as the result of hospitalization [or] medical or surgical treatment ... or as a result of having submitted to an examination ... and such injury or aggravation results in additional disability to ... such veteran ... disability compensation ... shall be awarded in the same manner as if such disability ... were service-connected. ...
38 C.F.R. § 3.358(a) reads in pertinent part:
[W]here it is determined that there is additional disability resulting from a disease or injury or an aggravation of an existing injury suffered as a result of training, hospitalization, medical or surgical treatment^] or examination, compensation will be payable for such additional disability.
(emphasis added).
In the October 5, 1990, decision, the Board made the factual determination that no additional disability reasonably attributable to the nasal surgery existed. Ronald *420 G. Reichner, BVA 90-38782 at 4 (Oct. 5, 1990). In support of this finding, the Board stated that
[B]ecause the record of VA clinic visits during the first year following the veteran’s surgery failed to note any sequelae reasonably attributable to the surgery and in fact indicate that a satisfactory result was obtained during that period, the Board finds that no additional disability was incurred as a result of treatment rendered by the VA.
Id. In reviewing a finding of fact made by the Board, the Court can only “hold unlawful and set aside such finding if the finding is clearly erroneous.” 38 U.S.C.A. § 7261(a)(4) (West 1991); see Lovelace v. Derwinski, 1 Vet.App. 73 (1990); Gilbert v. Derwinski, 1 Vet.App. 49, 52-53 (1990). In determining whether a finding is clearly erroneous, “this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a ‘plausible basis’ in the record for the factual determinations of the BVA ... we cannot overturn them.” Gilbert, 1 Vet.App. at 53. The Court finds that a plausible basis exists for the Board’s determination that appellant did not incur any additional disability stemming from the 1977 nasal surgery.
Upon consideration of the record, appellant’s informal brief, and the Secretary’s brief which incorporates a motion for remand, the Court holds that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. Gilbert, 1 Vet.App. 49; see also Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Danville Plywood Cory. v. United States, 899 F.2d 3 (Fed.Cir.1990). The Court also is satisfied that the BVA decision meets the “reasons or bases” requirements of 38 U.S.C.A. § 7104(d)(1) (West 1991), and the benefit of the doubt doctrine of 38 U.S.C.A. § 5107(b) (West 1991). See Gilbert, supra. Summary disposition is appropriate. See Frankel v. Derwinski, 1 Vet.App. 23 (1990). Accordingly, the Secretary’s motion for remand is DENIED and the October 5, 1990, decision of the Board of Veterans’ Appeals is AFFIRMED.