Citation Nr: 1319526 
Decision Date: 06/18/13 Archive Date: 06/27/13

DOCKET NO. 05-06 805A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

1. Entitlement to an effective date prior to July 30, 2003, for the award of a total disability evaluation based upon individual unemployability (TDIU) due to service-connected disabilities.

2. Entitlement to an effective date prior to July 30, 2003, for the award of service connection for left knee ligamentous strain with degenerative joint disease of the medial compartment.

3. Entitlement to an effective date prior to July 30, 2003, for the award of service connection for left hip ligamentous strain.

4. Entitlement to an effective date prior to July 30, 2003, for the award of a compensable rating of 10 percent for excision of osteochondroma of the left femur. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Azizi-Barcelo, Counsel


INTRODUCTION

The Veteran served on active duty from July 31, 1953 to June 6, 1956, from July 30, 1956 to July 29, 1960, and from March 6, 1972 to May 9, 1974. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2004 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO), which in pertinent part, granted entitlement to a TDIU, effective July 30, 2003. The Veteran appealed for an earlier effective date. This appeal also comes from a March 2004 rating decision that granted service connection for left knee ligamentous strain with degenerative joint disease of the medial compartment, and service connection for a left hip ligamentous strain, effective July 30, 2003, as well as a compensable rating of 10 percent for excision of osteochondroma of the left femur, also effective July 30, 2003. The Veteran appealed for earlier effective dates for service connection and an earlier effective date for the assignment of a 10 percent disability rating for excision of osteochondroma of the left femur. 

The Board notes that additional medical evidence was submitted after the most recent statement of the case in January 2005, and no waiver from the Veteran was received. However, the additional record are from recent treatment that the Veteran received and recent VA examination reports in connection with claims that are not currently on appeal before the Board, and do not contain any records dated prior to July 30, 2003, the current effective date of the Veteran's TDIU. As such, these records are in no way pertinent or relevant to the earlier effective date claim adjudicated below. Thus, a waiver for this evidence is not necessary, nor is the initial consideration of this evidence by the RO. 38 C.F.R. §§ 20.800, 20.1304 (2012).

The claim for an increased disability rating for gout has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The claims of entitlement to earlier effective dates for the grant of service connection for left knee ligamentous strain with degenerative joint disease of the medial compartment and service connection for a left hip ligamentous strain, and an earlier effective date for an increased disability rating for excision of osteochondroma of the left femur, are addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center, in Washington, D.C.


FINDINGS OF FACT

1. The Veteran did not seek entitlement to a TDIU prior to his claim filed on July 30, 2003. 

2. In a January 2004 rating decision, the RO granted an increased disability rating of 40 percent for degenerative disc disease of the lumbar spine, effective July 30, 2003, and, as a consequence, granted an effective date for entitlement to TDIU of July 30, 2003. 

3. There is no medical evidence, during the year prior to July 30, 2003, showing that the Veteran's then service-connected disabilities precluded him from securing or following substantially gainful employment. 



CONCLUSION OF LAW

The criteria for an effective date prior to July 30, 2003 for the award of TDIU have not been met. 38 U.S.C.A. § 5110 (2002); 38 C.F.R. §§ 3.400, 4.16 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The United States Court of Appeals of the Federal Circuit has held that once the underlying claim is granted, i.e., entitlement to a TDIU rating, further notice as to downstream questions, such as the effective date, is not required. See Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). As such, no discussion of VA's duty to notify is necessary. 

As to VA's duty to assist, all pertinent evidence has been associated with the claims folder, and that Veteran does not contend otherwise. As such, the Board finds that there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. § 5103(a), § 5103A, or 38 C.F.R. § 3.159, and that he will not be prejudiced by the Board's adjudication of his claims based on the current record. 

Earlier Effective Date for a TDIU

The provisions governing the assignment of effective dates for an increased rating are set forth in 38 U.S.C.A. § 5110(a) and (b) (2), and 38 C.F.R. § 3.400(o). A claim for a TDIU is a claim for an increased rating. Dalton v. Nicholson, 21 Vet. App. 23, 31-32 (2007); see also Hurd v. West, 13 Vet. App. 449, 451-52 (2000); Norris v. West, 12 Vet. App. 413, 420 (1999). The general rule for effective dates for increased rating claims is that the effective date of award shall not be earlier than the date of receipt of the application thereof. 38 U.S.C.A. § 5110(a). This statutory provision is implemented by regulation that provides that the effective date for an award of increased compensation will be the date of receipt of claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(o) (1). The Board notes that this includes informal claims which are "[a]ny communication or action, indicating intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant, [or] his or her duly authorized representative." 38 C.F.R. § 3.155(a). 

In Servello v. Derwinski, 3 Vet. App. 196, 198 (1992), the Court addressed the issue of entitlement to an earlier effective date in a TDIU claim, and held that the applicable statutory and regulatory provisions, fairly construed, require the Board to look at all communications in the file that might be interpreted as applications or claims, formal or informal, for increased benefits and, then, to all other evidence of record to determine the "earliest date as of which," within the one-year prior to the claim, the increase in disability was ascertainable. 38 U.S.C.A. § 5110(b)(2); 38 C.F.R. §§ 3.400(o)(2), 3.155(a); Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992).

As noted above, the general rule with respect to effective date of an award of increased compensation is that the effective date of award "shall not be earlier than the date of receipt of the application thereof." 38 U.S.C.A. § 5110(a). However, where the evidence demonstrates that a factually ascertainable increase in disability occurred within the one-year period preceding the date of receipt of a claim for increased compensation, the increase is effective as of the date the increase was "factually ascertainable." If the increase occurred more than one year prior to the claim, the increase is effective the date of claim. If the increase occurred after the date of claim, the effective date is the date of increase. 38 U.S.C.A. 5110(b) (2); Dalton, 21 Vet. App. at 31-32; Harper v. Brown, 10 Vet. App. 125 (1997); 38 C.F.R. 3.400 (o) (1) (2); VAOPGCPREC 12-98 (1998). 

To establish entitlement to TDIU due to service-connected disabilities, there must be impairment so severe as to preclude the claimant from securing and maintaining a substantially gainful occupation. 38 U.S.C.A. § 1155; 38 C.F.R. § 3.340, 3.341, 4.16. In reaching such a determination, the central inquiry is whether the service-connected disabilities alone are of sufficient severity to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524 (1993). Consideration may be given to the Veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993).

The regulatory scheme for a TDIU provides both objective and subjective criteria. Hatlestad, supra; VAOPGCPREC 75-91 (Dec. 27, 1991), 57 Fed. Reg. 2,317 (1992). The objective criteria, set forth at 38 C.F.R. § 3.340(a)(2), provide for a total rating when there is a single disability or a combination of disabilities that results in a 100 percent schedular rating. Subjective criteria, set forth at 38 C.F.R. 
§ 4.16(a), warrant TDIU when, due to one or more service-connected disabilities, a Veteran is unable to secure or follow a substantially gainful occupation, and has a single disability rated 60 percent or more, or at least one disability rated 40 percent or more with additional disability sufficient to bring the combined evaluation to 70 percent. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). In exceptional circumstances, where the Veteran does not meet the aforementioned percentage requirements, a total rating may nonetheless be assigned upon a showing that the individual is unable to obtain or retain substantially gainful employment as a result of service-connected disability. 38 C.F.R. § 4.16(b).

Unlike the regular disability rating schedule, which is based on the average work-related impairment caused by a disability, entitlement to TDIU is based on an individual's particular circumstances. See Rice v. Shinseki, 22 Vet. App. 447, 452 (2009). Therefore, in adjudicating a TDIU claim, VA must take into account the individual claimant's education, training, and work history. Hatlestad v. Derwinski, 1 Vet. App. 164 (1991) (finding that level of education is a factor in deciding employability); see Friscia v. Brown, 7 Vet. App. 294 (considering Veteran's experience as a pilot, his training in business administration and computer programming, and his history of obtaining and losing 19 jobs in the previous 18 years); Beaty v. Brown, 6 Vet. App. 532 (1994) (considering Veteran's 8th grade education and sole occupation as a farmer); Moore v. Derwinski, 1 Vet. App. 356 (1991) (considering Veteran's master's degree in education and his part-time work as a tutor). 

Pursuant to 38 C.F.R. § 3.340(a) (2012), "total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." A determination whether a person is capable of engaging in a substantially gainful occupation must consider both the person's abilities and his employment history. Faust v. West, 13 Vet. App. 342, 355 (2000).

The Veteran submitted a formal claim for entitlement to TDIU on July 30, 2003. In January 2004, the RO granted entitlement to a TDIU, effective July 30, 2003, based upon the date of claim. 

The Veteran contends that he had been unemployable due to his service-connected disabilities for many years prior to July 30, 2003, and asserts that the proper effective date should be no later than January 1995, the date he stopped working. 

The record does not show that between January 1995 and July 2003, the Veteran filed either a formal or informal claim seeking entitlement to a TDIU, or that there was medical evidence indicating that he was unable to work due to a service-connected disability. 

The record reflects that, prior to the January 2004 rating decision granting TDIU, a September 1995 rating decision increased the Veteran's disability rating for a lumbar spine disability to 20 percent, it also increased the cervical spine disability rating to 20 percent and assigned a compensable disability rating of 10 percent for left shoulder bursitis, and continued a 10 percent rating for gout, and noncompensable disability ratings for hearing loss and excision of osteochondroma of the left femur. As such, at that time his combined disability rating was 50 percent. The Veteran has not specifically raised the issue of clear and unmistakable error in the September 1995 rating decision, or in any other prior unappealed rating decisions. Additionally, review of the record also does not show that, within one year of each of the September 1995 rating decision the Veteran expressed disagreement with the determinations in question, or that any relevant new and material evidence, medical or lay, physically or constructively received by VA prior to the expiration of the appellate period. See 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 3.156(b); 20.201 (2012); see also Buie v. Shinseki, 24 Vet. App. 242, 251-52 (2011). As such, the September 1995 rating decision is final. 

By a rating decision in December 1998, the RO granted service connection for prostate cancer and assigned a disability rating of 100 percent effective April 1998. A January 2002 rating decision reduced the Veteran's disability rating for prostate cancer to 20 percent effective April 1, 2002. As such, at that time his combined disability rating was 60 percent. 

The Veteran submitted a formal claim for entitlement to TDIU on July 30, 2003. He asserted that he was unable to secure or follow a substantially gainful occupation due to worsening of the service-connected back and hip conditions. 

On VA examination in October 2003, the examiner diagnosed multilevel severe degenerative disc disease of the lumbar and cervical spine with spondylolisthesis of C3 on C4 and C4 on C5. The examiner opined that the Veteran's cervical and lumbar disc problems were severe enough to cause persistent discomfort and consequently rendered the Veteran unemployable in a physical or sedentary capacity. 

In January 2004, the RO increased the Veteran's disability rating for a lumbar spine condition to 40 percent, effective July 30, 2003. It also continued the Veteran's disability ratings for prostate cancer at 20 percent, cervical spine disability at 20 percent, left shoulder condition at 10 percent, gout at 10 percent, and bilateral hearing loss at 0 percent disabling. The assignment of a 40 percent disability rating for the lumbar spine disability increased the combined disability rating to 70 percent effective July 30, 2003, and the Veteran was granted entitlement to a TDIU, as of that date. While the evidence shows that the Veteran retired from his employment in 1995, in the year preceding the July 2003 claim for TDIU benefits the criteria for schedular consideration for the grant of a TDIU under 38 C.F.R. § 4.16(a) were not met. Additionally, there was no medical evidence, during the year prior to July 30, 2003, showing that the Veteran's then service-connected disabilities precluded him from securing or following substantially gainful employment. As such, in assigning July 30, 2003, as the effective date for the award of a TDIU, VA has already assigned the earliest possible effective date because there is no medical evidence of the Veteran's inability to secure or follow a substantially gainful occupation as a result of his then service-connected disabilities in the year prior to the Veteran's July 2003 application. It thus follows that an effective date prior to that time must be denied.

Lastly, the United States Court of Appeal for the Federal Circuit has explained that the provisions of 38 U.S.C.A. § 5110 governing the effective date to be assigned for an increased rating require "that a Veteran's claim for increased disability compensation must be filed within one year of an increase in the disability, as shown by the evidence, in order to obtain an effective date earlier than the date of the claim." Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010) (explaining the legislative intent to provide Veterans with a one-year grace period for filing their claims). Thus, when it is established that the increase occurred more than one year prior to the date an increased rating claim is received by VA, the effective date shall be the date that the claim was received, and no earlier. See 38 U.S.C.A. 
§ 5110(b)(2); Gaston v. Shinseki, 605 F.3d at 984. As such, as the evidence does not suggest that the Veteran was noted to be unemployable as a result of his then service-connected disabilities in the one year prior to the July 2003 date of claim, the Board finds that a TDIU did not become factually ascertainable during the applicable time period so as to warrant an effective date earlier than the date of his claim, July 30, 2003. 


ORDER

An effective date prior to July 30, 2003, for the grant of TDIU is denied.


REMAND

In a March 2004 rating decision the RO granted service connection for left knee ligamentous strain with degenerative joint disease of the medial compartment and assigned a 10 percent disability rating effective July 30, 2003. The RO also granted service connection for a left hip ligamentous strain with a 10 percent disability rating effective July 30, 2003. Additionally, the rating decision increased the Veteran's disability rating for excision of osteochondroma of the left femur to 10 percent, also effective July 30, 2003. In June 2004 the Veteran appealed for earlier effective dates for service connection and an earlier effective date for the assignment of a 10 percent disability rating for excision of osteochondroma of the left femur. The June 2004 statement constitutes a timely notices of disagreement (NOD) with the March 2004 rating decision. The RO has not issued a statement of the case in response to the NOD. Under these circumstances, the Board is required to remand the matter for issuance of a statement of the case addressing the claims for entitlement to earlier effective dates for the grant of service connection for left knee ligamentous strain with degenerative joint disease of the medial compartment, and a left hip ligamentous strain, as well as the claim for an earlier effective date for the 10 percent disability rating for excision of osteochondroma of the left femur. Manlicon v. West, 12 Vet. App. 238 (1999). 

Accordingly, the case is REMANDED for the following action:

Issue a statement of the case in response to the June 2004 notice of disagreement regarding the claims for entitlement to earlier effective dates for the grant of service connection for left knee ligamentous strain with degenerative joint disease of the medial compartment, and a left hip ligamentous strain, as well as the claim for an earlier effective date for the 10 percent disability rating for excision of osteochondroma of the left femur. Inform the Veteran of his appeal rights.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).




______________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs