Citation Nr: 1456909 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 10-16 237 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for a right ankle disability, claimed as secondary to a service-connected disability.

2. Entitlement to service connection for a right foot disability, claimed as secondary to a service-connected disability. 

3. Entitlement to a rating in excess of 10 percent for a right knee disability.

4. Entitlement to a rating in excess of 10 percent for a right hip disability.

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Gregory D. Keenum, Attorney

WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. A. Rein, Counsel


INTRODUCTION

The Veteran had active service from July 1968 to August 1969. 

These matters come to the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi, that denied service connection for a right foot disability, from a November 2012 rating decision that continued a 10 percent rating for a right knee disability and a 10 percent rating for a right hip disability, and denied entitlement to a TDIU, and from an April 2014 rating decision that denied service connection for a right ankle disability. 

In October 2014, the Veteran testified during a videoconference hearing before the undersigned Veterans Law Judge; a transcript of that hearing is of record.


REMAND

With regard to the claim of entitlement to service connection for a right ankle disability, the Veteran submitted a statement in August 2014 that he disagreed with the April 2014 rating decision that denied service connection for a right ankle disability. The Veteran's August 2014 statement is a timely notice of disagreement with that rating decision. However, it does not appear that the RO has yet issued a statement of the case addressing that issue. Therefore, the appropriate Board action is to remand that issue for issuance of a statement of the case. Manlincon v. West, 12 Vet. App. 238 (1999).

With regard to the claim for service connection for a right foot disability, the Veteran contends that he has a right foot disability related to service-connected right knee and/or right hip disabilities. Service connection may be granted for disability that is proximately due to or the result of a service- connected disease or injury. That includes service connection not only for disability caused by a service-connected disability, but for the degree of disability resulting from aggravation to a nonservice-connected disability by a service-connected disability. 38 C.F.R. § 3.310 (2014); Allen v. Brown, 7 Vet. App. 439 (1995). Temporary or intermittent flare-ups of symptoms of a condition, alone, do not constitute sufficient evidence of aggravation unless the underlying condition worsened. 

The Board notes that in January 2010, a VA examination was performed and the VA examiner opined that the Veteran's right foot disability was not related to the service-connected right knee disability. However, the examiner did not address whether a right foot disability was related to a service-connected right hip disability and whether any service-connected disability had aggravated any right foot disability. Furthermore, since the January 2010 VA examination, the record shows that the Veteran has been diagnosed with additional foot disabilities. A February 2013 VA podiatry record notes that the Veteran has mild drop foot. 

In light of the above, the Board finds that an additional examination is warranted. When the medical evidence is inadequate, VA must supplement the record by seeking an advisory opinion or ordering another medical examination. Colvin v. Derwinski, 1 Vet. App. 171 (1991); Hatlestad v. Derwinski, 3 Vet. App. 213 (1992).

With regard to the claims for higher ratings for service-connected right knee and right hip disabilities, the Veteran has provided credible testimony that each disability has increased in severity since the last VA examination in September 2012. In addition, a February 2013 VA podiatry record assessed the Veteran with muscle weakness of the right anterior leg muscle group and raises the issue of whether that condition is part of the service-connected right knee and right hip disabilities. Therefore, to ensure that the record has evidence of the current severity of the Veteran's service-connected right knee and right hip disabilities on appeal, a more contemporaneous examination is needed with findings responsive to all applicable rating criteria. Green v. Derwinski, 1 Vet. App. 121 (1991); Caffrey v. Brown, 6 Vet. App. 377 (1994).

The TDIU claim is inextricably intertwined with his pending claims of entitlement to higher ratings for right knee and right hip disabilities and service connection for a right foot disability. Accordingly, consideration of the Veteran's TDIU claim must be deferred pending the resolution of those pending increased rating and service connection claims. Harris v. Derwinski, 1 Vet. App. 180 (1991). 

Prior to arranging for the Veteran to undergo further examination, all outstanding VA records should be obtained and associated with the claims file. Dunn v. West, 11 Vet. App. 462 (1998); Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following actions:

1. Issue a statement of the case which addresses the issue of entitlement to service connection for a right ankle disability. Inform the Veteran of his appeal rights and that he must file a timely substantive appeal if he desires appellate review.

2. Obtain all outstanding VA medical records.

3. Schedule the Veteran for a VA examination to determine the etiology of any diagnosed right foot disability and to determine the current nature and severity of service-connected right knee and right hip disabilities. The examiner must review the claims file and that review should be noted in the report. The examiner should provide a rationale for any opinion expressed and reconcile that opinion with all pertinent evidence of record, including any lay evidence suggesting that Veteran's service-connected right knee and right hip disabilities are worse than shown on prior examinations. The examiner should specifically address the following:

(a) Clearly identify all diagnosed right foot disabilities. 

(b) The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that any diagnosed right foot disability (to include those diagnosed during the pendency of this appeal of heel arthralgia, arthritis, and mild foot drop) is proximately due to or caused by a service-connected right knee or right hip disabilities. 

(c) The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that any diagnosed right foot disability (to include those diagnosed during the pendency of this appeal of heel arthralgia, arthritis, and mild foot drop) is aggravated (increased in severity beyond the normal progress of the disorder) by service-connected right knee or right hip disabilities.

(d) Determine the severity of the service-connected right knee and right hip disabilities with specific findings of impairment reported in detail. The examiner is requested to discuss the February 2013 podiatry assessment of muscle weakness of the right anterior leg muscle group as to whether that is a manifestation of either of the service-connected disabilities. 

(e) Conduct range of motion studies of the right knee and right hip expressed in degrees. The examiner should make specific findings as to whether, during the examination, there is objective evidence of pain on motion, weakness, excess fatigability, or incoordination associated with the right knee and right hip. If pain on motion is observed, the examiner should indicate the point at which pain begins. The examiner should also indicate whether, and to what extent, the Veteran experiences functional loss of the right knee and right hip due to pain or any other symptoms during flare-ups or with repeated use. To the extent possible, the examiner should express any such additional functional loss in terms of additional degrees of limited motion. 

(f) The examiner should specifically indicate whether there is recurrent subluxation or lateral instability of the right knee, and if so, the severity. 

(g) The examiner should provide an opinion concerning the impact of the service-connected right knee and right hip disabilities on the Veteran's ability to work and should state whether the Veteran is unable to secure or follow a substantially gainful occupation due solely to service-connected disabilities.

(h) If the examiner determines that the Veteran has a right foot disability that is related to or aggravated by the service-connected right knee or right hip disability, the impact of that disability on his employability should also be addressed. Friscia v. Brown, 7 Vet. App. 294 (1995) (VA has a duty to supplement the record by obtaining an examination that includes an opinion as to the effect of the Veteran's service-connected disabilities on his ability to secure or follow a substantially gainful occupation).

5. Then, readjudicate the claims. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).