Citation Nr: 1702624 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 07-19 558 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to an increased disability rating in excess of 10 percent for residual fractures of the right thumb (claimed as does not have full function of hands and are always cold).

2. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for injury to two middle fingers of the right hand.

3. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a right hip condition.

4. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a lumbar spine disability, previously arthritis and lower lumbar strain.

5. Entitlement to service connection for a right leg condition to include lipoma and radiculopathy, also claimed as secondary to entitlement to service connection for a lumbar spine disability.

6. Propriety of the reduction in the rating for service-connected tinea versicolor and folliculitis from 60 percent to 30 percent, effective July 1, 2016.

7. Entitlement to a total disability rating based on individual unemployability due to a service-connected disability (TDIU).


REPRESENTATION

Veteran represented by: South Carolina Department of Veterans Affairs


ATTORNEY FOR THE BOARD

H. Yoo, Counsel


INTRODUCTION

The Veteran had active military service from October 1977 to April 1978, and from January 1980 to August 1984. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

In several statements within the record, the Veteran and his attorney argued that an advance on the docket was needed due to financial hardship. The Board grants this motion. This appeal has now been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900 (c). 38 U.S.C.A. § 7107 (a)(2) (West 2014).

With regard to the Veteran's representation, the evidence of record shows that the Veteran was initially represented by Eric Gang with regard to the issues of his back and right leg. However, in a VA Form 21-22 that was received in October 2016, the Veteran appointed the South Carolina Department of Veterans Affairs as his representative. This form did not limit the representation of the South Carolina Department of Veterans Affairs. As such, it has the effect of revoking Eric Gang's representation.

The issues of whether new and material evidence has been received to reopen a claim of entitlement to service connection for a lumbar spine disability, previously arthritis and lower lumbar strain; entitlement to service connection for a right leg condition to include lipoma and radiculopathy; propriety of the reduction in the rating for service-connected tinea versicolor and folliculitis from 60 percent to 30 percent, effective July 1, 2016; and TDIU are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran's residual fractures of the right thumb are characterized by reported pain and a gap between the thumb pad and fingers was measured at less than 1 inch (2.5cm).

2. A March 2008 rating decision denied service connection for injury to the two middle fingers of the right hand. The Veteran filed a notice of disagreement in May 2008 and a Statement of the Case was issued in March 2009; however, the Veteran did not timely perfect his appeal, and the March 2008 rating decision became final.

3. Evidence received since the March 2008 rating decision is not material and does not raise a reasonable possibility of substantiating the claim of service connection for injury to the two middle fingers of the right hand.

4. The Board decision of June 2010 denied the Veteran's claim of entitlement to service connection for a right hip condition. The Veteran was notified of the denial and his appellate rights, but did not timely appeal the decision.

5. Evidence received since the June 2010 rating decision is not material and does not raise a reasonable possibility of substantiating the claim of service connection for a right hip condition.


CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 10 percent for residual fractures of the right thumb (claimed as does not have full function of hands and are always cold) have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.40, 4.45, 4.71a, Diagnostic Codes 5299-5228 (2016). 

2. The March 2008 rating decision is final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2007).

3. New and material evidence has not been received to reopen the previously-denied claim of entitlement to service connection for injury to the two middle fingers of the right hand. 38 U.S.C.A. §§ 5103, 5103A, 5107, 5108 (West 2014); 38 C.F.R. §§ 3.102, 3.156, 3.159, 20.1103 (2016).

4. The June 2010 Board decision is final. 38 U.S.C.A. § 7104 (West 2002); 38 C.F.R. § 20.1100 (2009). 

5. New and material evidence has not been received to reopen the previously-denied claim of entitlement to service connection for a right hip condition. 38 U.S.C.A. §§ 5108, 7104 (West 2014); 38 C.F.R. §§ 3.104 (a), 3.156, 3.160(d), 20.302 (2016).







REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. The Veterans Claims Assistance Act of 2000

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In this case, required notice was provided. Additionally, neither the Veteran, nor his representative, has either alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, adjudication of his claims at this time is warranted. 

Moreover, VA is no longer required to provide case-specific "Kent notice" in claims to reopen. The VA Office of General Counsel Precedent Opinion 6-2014, published November 21, 2014, concluded that the plain language of 38 U.S.C.A. § 5103 (a)(1) does not require VA, upon receipt of a previously denied claim, to provide notice of the information and evidence necessary to substantiate the element or elements that were found insufficient in the previous denial of the claim. In other words, the opinion holds that Kent v. Nicholson, 20 Vet. App. 1 (2006), is no longer controlling insofar as it construed the former § 5103(a) to require that VA provide case-specific notice to a claimant in a claim to reopen.

With respect to the duty to assist, VA has done everything reasonably possible to assist the Veteran with respect to this claim for benefits. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159 (c). The Veteran's service treatment records, private treatment records, Social Security Administration records, and VA treatment records have been obtained, to the extent available. 

The Veteran was also provided with a new VA examination for his right thumb disability (the reports of which have been associated with the claims file), which the Board finds to be adequate for rating purposes, as the examiners had a full and accurate knowledge of the Veteran's disability and contentions, and grounded their opinions in the medical literature and evidence of record. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Moreover, neither the Veteran nor his representative has objected to the adequacy of the examination conducted during this appeal. See Sickels v. Shinseki, 643 F.3d, 1362, 1365-66 (Fed. Cir. 2011).

In addition, the Veteran was offered the opportunity to testify at a hearing before the Board, but he declined. As described, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Newhouse v. Nicholson, 497 F.3d 1298 (Fed. Cir. 2007). Importantly, the Board notes that the Veteran is represented in this appeal. See Overton v. Nicholson, 20 Vet. App. 427, 438 (2006). The Veteran and his representative have submitted argument and evidence in support of the appeal. Based on the foregoing, the Board finds that the Veteran has had a meaningful opportunity to participate in the adjudication of his claims decided herein such that the essential fairness of the adjudication is not affected.

II. Increased Disability Rating

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

The Board notes that while the regulations require review of the recorded history of a disability by the adjudicator to ensure an accurate evaluation, the regulations do not give past medical reports precedence over the current medical findings. Where an increase in the disability rating is at issue, the present level of the veteran's disability is the primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). It is also noted that staged ratings are appropriate for an increased rating claim whenever the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran seeks a disability rating in excess of 10 percent for residuals of a right thumb fracture. This disability is rated under Diagnostic Code 5299-5228. Hyphenated diagnostic codes are used when a rating under one diagnostic code requires use of an additional diagnostic code to identify the specific basis for the evaluation assigned. The additional code is shown after a hyphen. 38 C.F.R. § 4.27. 

Diagnostic Code 5228, for limitation of motion of the thumb, provides a 10 percent rating is warranted for motion of thumb limited to a gap of one to two inches (2.5 to 5.1cm) between the thumb pad and the fingers, with the thumb attempting to oppose the fingers in the major, dominant hand. A maximum 20 percent rating is warranted if the motion of the thumb is limited to a gap of more than two inches (5.1cm) between the thumb pad and the fingers, with the thumb attempting to oppose the fingers. 38 C.F.R. § 4.71a, Diagnostic Code 5228. 

The Veteran was afforded a VA examination in November 2013 where a diagnosis of "late effect of thumb fracture" was confirmed. A physical examination showed limitation of motion or evidence of painful motion for the thumb. A gap between the thumb pad and fingers was measured at less than 1 inch (2.5cm), but without objective evidence of painful motion. There was no evidence of a gap between any fingertips and the proximal transverse crease of the palm or evidence of painful motion in attempting to touch the palm with the fingertips. There was also no evidence of limitation of extension or evidence of painful motion for the index or long finger. The Veteran was able to perform repetitive-use testing with three repetitions and without additional limitation of motion for any fingers post-test. The examiner noted the presence of a gap between the thumb pad and the finger post-test measured at less than 1 inch (2.5cm). 

There was no evidence of any functional loss or functional impairment of any of the fingers or thumbs. There was additional limitation in range of motion of the right thumb after repetitive use due to pain. There was no evidence of tenderness or pain to palpation for joints or soft tissue of either hand, including thumb and fingers. Muscle strength testing showed the right hand grip was active movement against some resistance. There was no evidence of ankyloses of the thumb. There was no evidence of scars (surgical or otherwise) related to the Veteran's thumb disability or any other pertinent physical findings, complications, conditions, signs, and/or symptoms related to any conditions. The Veteran reported he wore a hand/wrist brace for his carpal tunnel syndrome. The VA examiner determined that the Veteran's right thumb disability did not impact his ability to work but that the examination was positive for pain, weakness, and mild limitation in range of motion for the thumb. However, these limitations were felt to be related to residual effects from non-service connected carpal tunnel syndrome and/or carpal tunnel release. There was no significant evidence of residual functional loss from prior fracture that would prevent the Veteran from performing tasks associated with physical or sedentary work.

Based on review of the entirety of the record, the Board finds the weight of the evidence is against a disability rating in excess of 10 percent. The evidence does not suggest the motion of the thumb is limited to a gap of more than two inches (5.1cm) between the thumb pad and the fingers. Likewise, the evidence of record does not reflect additional limitation of motion based on repetitive use or due to such factors as pain and weakness as a result of his service connected thumb disability. Rather, the VA examiner these limitations were the result of his non-service connected carpal tunnel syndrome. Thus, an increased rating on that basis is not warranted. See DeLuca, supra. 

The Board also finds that consideration of additional staged ratings for service-connected residual fractures of the right thumb (claimed as does not have full function of hands and are always cold) is not warranted. See Fenderson, 12 Vet. App. at 119. The evidence shows that the Veteran has experienced the same level of disability due to his service-connected right thumb fracture throughout the appeal period. Thus, the Board finds that consideration of additional staged ratings for any period during the pendency of the appeal is not warranted. Id. 

In conclusion, the preponderance of the evidence is against an increased rating for the Veteran's residual fractures of the right thumb (claimed as does not have full function of hands and are always cold). 

Regarding extraschedular consideration, when an extraschedular rating is not specifically sought or reasonably raised by the facts found by the Board, the Board is not required to discuss whether referral is warranted." Yancy v. McDonald, 27 Vet. App. 484, 494 (2016). The Veteran has not specifically sought extraschedular consideration, or suggested that his disability has caused symptomatology that is not contemplated by the schedular rating criteria. That is, the Veteran has not asserted that his residual fractures of the right thumb is unique or unusual in anyway. As such, there is no basis for extraschedular discussion in this case. See Yancy v. McDonald, 27 Vet. App. 484, 494 (2016).

III. Whether New and Material Evidence Has Been Received

Generally, a claim which has been denied may not thereafter be reopened and allowed based on the same record. 38 U.S.C.A. § 7105 (West 2002). However, pursuant to 38 U.S.C.A. § 5108, if new and material evidence is presented or secured with respect to a claim which has been disallowed, the VA Secretary shall reopen the claim and review the former disposition of the claim. 

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence, that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. See 38 C.F.R. § 3.156 (a).

An adjudicator must follow a two-step process in evaluating previously denied claims. First, the adjudicator must determine whether the evidence added to the record since the last final decision is new and material. If new and material evidence is presented or secured with respect to a claim that has been finally denied, the claim will be reopened and decided upon the merits. Once it has been determined that a claimant has produced new and material evidence, the adjudicator must evaluate the merits of the claim in light of all the evidence, both new and old, after ensuring that VA's statutory duty to assist the appellant in the development of the claim has been fulfilled. See 38 U.S.C.A. § 5108 (West 2014); Elkins v. West, 12 Vet. App. 209 (1999); Vargas-Gonzalez v. West, 12 Vet. App. 321, 328 (1999).

In addition, for the limited purpose of determining whether a case should be reopened, the credibility of the evidence added to the record is generally to be presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992).

In Shade v. Shinseki, 24 Vet. App. 110 (2010), the Court interpreted the language of 38 C.F.R. § 3.156 (a) as creating a low threshold, and views the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." The Court emphasized that the regulation is designed to be consistent with 38 C.F.R. § 3.159 (c)(4), which "does not require new and material evidence as to each previously unproven element of a claim." Therefore, it would be illogical to require that a claimant submit medical nexus evidence when he has provided new and material evidence as to another missing element, as it would "force the veteran to provide medical nexus evidence to reopen his claim so that he could be provided with a medical nexus examination by VA."' 

Two middle fingers of the right hand

Regarding the Veteran's claim to reopen his previously denied claim for service connection for the two middle fingers of the right hand, which he contends were injured during service when he attempted to lift a cement donut for a valve cover. He was denied service connection by a March 2008 rating decision in which the RO determined there was no evidence of treatment or a diagnosis of an injury to his two middle fingers of his left hand during service. 

The Veteran was notified of the denial and his appellate rights. The Veteran submitted a timely Notice of Disagreement and a Statement of the Case was issued in March 2009, again determining that there was no evidence of injury or diagnosis of a disability of the right hand's two middle fingers. The Veteran failed to timely file a substantive appeal, and the March 2008 rating decision became final. Accordingly, new and material evidence must be received to reopen the claim of entitlement to service connection for two middle fingers of the right hand. 38 U.S.C.A. § 7105 ; 38 C.F.R. §§ 3.104, 20.302, 20.1103.

In September 2012, the Veteran submitted a new claim for entitlement to service connection for two middle fingers of the right hand. In November 2013, the claim was not reopened as the new evidence submitted "[did] not relate to an unestablished fact necessary to substantiate the claim and [did] not raise a reasonable possibility of substantiating the claim." The Veteran submitted a timely appeal.

The March 2008 rating action, therefore, represents the last previous final decision on any basis as to the issue of whether the Veteran is entitled to service connection for two middle fingers of the right hand. Evans v. Brown, 9 Vet. App. 273 (1996).

According to the records received since the March 2008 rating, the Veteran continued his treatment for various disabilities. There is no indication the Veteran has a current disability of the two middle fingers on his right hand, aside from the Veteran's filing of a service connection claim. There is also no support of the Veteran's contention that he incurred, complained of, or treated for an injury to the two middle fingers on the right hand. 

While the Board acknowledges that the evidence received since the March 2008 rating was not previously of record, it is not "material" to the Veteran's claim as it does not establish that the Veteran had an injury to the two middle fingers of the right hand in service or has a current disability. Thus, the VA treatment/examination records since the March 2008 rating decision do not addressed the Veteran's contentions and there is no indication his symptoms and assessments stemmed from his military service. Therefore, the additional evidence does not raise a reasonable possibility of substantiating the claim and, while "new" it is not "material." 

In sum, a review of the evidence of record fails to reveal any new and material evidence suggesting that the Veteran's two middle fingers of the right hand is related to service. He has not informed VA of any evidence not of record that demonstrates this unestablished fact. 

The Board recognizes the threshold for reopening a claim is low, but it is a threshold nonetheless and as described the evidence that has been added since March 2008 clearly does not reach that threshold. See Shade v. Shinseki, 24 Vet. App. 110, 118 (2010). Essentially, even were the claim to be reopened, no duty to assist would be triggered as a result of the additional evidence.

As new and material evidence has not been submitted, the claim of entitlement to service connection for two middle fingers of the right hand is not reopened.

Right hip condition

Regarding the Veteran's claim to reopen his appeal for right hip condition, the Veteran contends that right hip condition is related to his military service. In June 2010, the Board denied the Veteran's claim as the objective medical evidence of record did not support his contentions that his hip condition was related to his military service and as there was no evidence of a right hip condition within one year of separation from service.

In a June 2010 decision, the Board denied service connection for a right hip condition as there was no evidence this condition occurred in or was caused by service. The June 2010 Board decision is final. 38 U.S.C.A. § 7104.


In September 2012, the Veteran submitted a new claim. In November 2013, the claim to reopen was denied. 

The evidence submitted since the June 2010 Board decision included outpatient VA and private treatment records and records from the Social Security Administration. The medical treatment record listed arthralgia in the hip (pain on rotation, pain in the groin) as an active problem. There is no indication from this note, however, whether it is the left or right hip. 

While the Board acknowledges that the evidence received since the June 2010 Board decision was not previously of record, it is not "material" to the Veteran's claim as it does not establish that the Veteran had a right hip condition in service or has a current disability. Thus, the VA treatment/examination records since the June 2010 Board decision does not address the Veteran's contentions and there is no indication his symptoms and assessments stemmed from his military service. Furthermore, although the pain in the hip was noted in the record, this fact was already established at the time of the June 2010 Board decision. Therefore, the additional evidence showing a right hip problem does not raise a reasonable possibility of substantiating the claim and, while "new" it is not "material." 

In sum, a review of the evidence of record fails to reveal any new and material evidence suggesting that the Veteran's right hip condition is related to service. He has not informed VA of any evidence not of record that demonstrates this unestablished fact. As new and material evidence has not been submitted, the claim of entitlement to service connection for right hip condition is not reopened.

The Board recognizes the threshold for reopening a claim is low, but it is a threshold nonetheless and as described the evidence that has been added since June 2010 clearly does not reach that threshold. See Shade v. Shinseki, 24 Vet. App. 110, 118 (2010). 



ORDER

An increased disability rating in excess of 10 percent for residual fractures of the right thumb (claimed as does not have full function of hands and are always cold) is denied.

As new and material evidence has not been received, the claim for entitlement to service connection for an injury to the two middle fingers of the right hand is not reopened.

As new and material evidence has not been received, the claim for entitlement to service connection for a right hip condition is not reopened.


REMAND

Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a lumbar spine disability, previously arthritis and lower lumbar strain; and entitlement to service connection for a right leg condition to include lipoma and radiculopathy

The Veteran was denied service connection for a arthritis of the lumbosacral spine (claimed as lower lumbar strain) by a May 2010 rating decision. The Veteran did not timely appeal and therefore, the rating decision is final. 38 U.S.C.A. § 7105 (West 2014). In June 2013, the Veteran submitted another claim and in July 2013, the RO denied the Veteran's claim for service connection for lumbosacral spine disability (previously arthritis and lower lumbar strain). 

The Board finds that the Veteran has submitted a timely Notice of Disagreement to the July 2013 rating decision in August 2013. See 38 C.F.R. §§ 20.300, 20.301(a), 20.302(a) (2016). Significantly, however, to date, it does not appear that the RO has issued a Statement of the Case in response to the Notice of Disagreement. In such cases, the Board is required to remand the issue to the RO for issuance of a Statement of the Case. See 38 C.F.R. § 19.9 (c) (2016); Manlincon v. West, 12 Vet. App. 238 (1999).

In addition, the Veteran claims his appeal for entitlement to service connection for a right leg condition to include lipoma and radiculopathy is secondary to his claim for entitlement to service connection for a lumbar spine disability, previously arthritis and lower lumbar strain. This new theory of entitlement has not been considered as of yet. Thus, this issue is considered to be inextricably intertwined with the lumbar spine disability claim and appellate consideration of the issue is deferred pending resolution of the claim of whether new and material evidence has been received to reopen a claim of entitlement to service connection for a lumbar spine disability. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991); see also Tyrues v. Shinseki, 23 Vet. App. 166, 177 (2009) (en banc) (explaining that claims are inextricably intertwined where the adjudication of one claim could have a significant impact on the adjudication of another claim).

Propriety of the reduction in the rating for service-connected tinea versicolor and folliculitis from 60 percent to 30 percent, effective July 1, 2016

In an August 2015 rating decision, the RO proposed to decrease the Veteran's service-connected tinea versicolor/folliculitis, from 60 percent to 0 percent. In April 2016, the RO issued a rating decision decreasing the Veteran's service-connected disability to 30 percent, effective July 1, 2016. 

In June 2016, the Veteran submitted a timely Notice of Disagreement. See 38 C.F.R. §§ 20.300, 20.301(a), 20.302(a) (2016). It does not appear that the RO has issued a Statement of the Case in response to the Notice of Disagreement as of this date. As stated above, in such cases, the Board is required to remand the issue to the RO for issuance of a Statement of the Case. See 38 C.F.R. § 19.9 (c) (2016); Manlincon. 




TDIU

The Board finds that this claim is also inextricably intertwined with the pending service connection claims. The TDIU claim cannot be reviewed while those pending claims remain unresolved. Thus, adjudication of the TDIU claim must be held in abeyance pending further development of the Veteran's other claims. 

Furthermore, if the RO determines, on remand, that service connection is warranted for any additional disability, the impact of that disability on the Veteran's unemployability should also be addressed. Friscia v. Brown, 7 Vet. App. 294 (1995) (VA has a duty to supplement the record by obtaining an examination that includes an opinion as to the effect of the Veteran's service-connected disabilities on his ability to secure or follow a substantially gainful occupation).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Issue a Statement of the Case as to the issues of whether new and material evidence has been received to reopen a claim of entitlement to service connection for a lumbar spine disability, previously arthritis and lower lumbar strain; and propriety of the reduction in the rating for service-connected tinea versicolor and folliculitis from 60 percent to 30 percent, effective July 1, 2016. See Manlincon, supra. If the decisions remain adverse to the Veteran, he and his representative should be informed that he must file a timely and adequate substantive appeal if he wishes to appeal the claim to the Board. See 38 C.F.R. §§ 20.200, 20.202, and 20.302(b). They must be informed of the time period allowed for perfecting a timely appeal.
2. After the development requested above has been completed, as well as any additional development deemed necessary, readjudicate the issues. If the benefits sought on appeal remain denied, then the Veteran and his representative should be furnished with a supplemental statement of the case and be given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs