David M. **FRISCIA**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 93–766.

United States Court of Veterans Appeals.

Dec. 21, 1994.

As Amended Jan. 9, 1995.

David M. Friscia, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Barbara J. Finsness were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Judges.

KRAMER, Judge:

The appellant, David M. Friscia, appeals a May 26, 1993, decision of the Board of Veterans' Appeals (BVA or Board) which denied him entitlement to a total disability rating based on individual unemployability (TDIU). The BVA premised its denial on the finding that the appellant's "[p]ost-traumatic stress disorder [ (PTSD) ], currently rated as 70% disabling, does not preclude [him] from securing or following a substantially gainful occupation." Record (R.) at 7. The Court has jurisdiction under 38 U.S.C. § 7252(a). On August 5, 1994, the Secretary filed a motion to vacate the 1993 BVA decision and to remand the matter. On October 4, 1994, —— Vet.App. —— [1994 WL 555370], in a single-judge memorandum decision, the Court granted the Secretary's motion and remanded the matter for further proceedings. On October 18, 1994, the Secretary filed a motion for reconsideration or, in the alternative, for modification of the Court's memorandum decision. On November 1, 1994, the appellant filed an opposition to the Secretary's motion. By order dated November 8, 1994, —— Vet.App. —— [1994 WL 637094], the Court denied the Secretary's motion and, sua sponte, modified the October 4, 1994, memorandum decision. On November 21, 1994, the appellant filed a motion for review of the Court's memorandum decision. He argues that reversal of the BVA decision, rather than remand, is the appropriate remedy. The Court grants the appellant's motion insofar as it seeks reconsideration of the Court's memorandum decision and denies the motion insofar as it seeks reversal of the Board's decision. The Court vacates its October 4, 1994, memorandum decision and issues this opinion in its stead.

## I. Background

The BVA initially denied the appellant's claim for a TDIU rating in a decision dated August 21, 1991. Upon appeal, this Court vacated the 1991 BVA decision and remanded the matter for the BVA to determine whether the appellant's employment was "marginal," and thus not "substantially gainful" employment under 38 C.F.R. § 4.16(a) (1993); to adequately state its reasons or bases for its findings and conclusions under 38 U.S.C. § 7104(d)(1); and to adequately address why the appellant was not entitled to the "benefit of the doubt" under 38 U.S.C. § 5107(b). *Friscia v. Principi*, 3 Vet.App. 563 (1992).

The following items pertaining to the appellant's claim for a TDIU rating were in the evidence of record at the time of the 1991 BVA decision. Dr. O.R. Elofson, appellant's psychologist, in a December 1989 letter, opined that the appellant "is so severely impaired as to be unemployable." R. at 127. A January 1990 letter of Dr. V. Johnette Phillips, a psychologist and partner of Dr. Elofson, stated that "in spite of [the appellant's] efforts to obtain employment, he has not been able to maintain a position for any small period of time." R. at 130. A February 1990 letter from Edwin C. Benson, a vocational rehabilitation counselor with the State of Washington, Department of Social and Health Services, stated that the appellant's PTSD "has presently made him unable to accomplish his field of experience, that being sales and planning." R. at 132. An undated letter from the appellant related that he had nineteen jobs in the last eighteen years, and that "[m]y inability to stay employed has become a major issue in my life." R. at 136, 190. A July 1990 hearing of the State of Washington, Office of Administrative Hearings, pertaining to the appellant's receipt of unemployment benefits from his former employer for whom the appellant worked as a salesman from April 1989 to December 1989, resulted in the finding that "[t]here is no question but that [the appellant] was an inadequate employee, and the company was justified in discharging him." R. at 183. An August 1990 statement of Dr. Elofson related that the appellant's "level of disability is ex-

tremely severe and prohibits not only vocational functioning but virtually all social functioning." R. at 186. In December 1990 the appellant and Dr. Elofson provided sworn testimony at a VA regional office (RO) hearing. R. at 204–27. The appellant testified that he ended his aviation career in 1980 because of "continuing anxiety," R. at 213, 205, 219, and that he was rejected by 150 companies while looking for a job between November 1989 and January 1990, R. at 206–07. When asked the question, "So you could get on the phone, for example here today and you could talk to everybody in the world," the appellant answered "yes," but added, "[a]nything more than superficial contact, I don't do well." R. at 209. In addition, the appellant testified that he was then working 24 hours per week as a telemarketer making $6.25 per hour. R. at 218–19. Dr. Elofson testified that the appellant's current job performance was not satisfactory, and that the appellant copes with his PTSD by being a workaholic, citing the example that "when he recently switched residences ... he had within a week's time completely relandscaped the yard, painted the house and done a fair amount of structural work." R. at 220, 223–24.

The following items regarding the appellant's claim were added to the record since the 1991 BVA decision. A June 1991 psychoeducational evaluation conducted by Dr. Elofson and Lorraine M. Dreiblatt, M.Ed., an education specialist, found that the appellant's "deficits substantially interfere with his ability to perform optimally therefore, qualifying him as handicapped." R. at 306. An August 1991 neuropsychological evaluation conducted by Dr. Judith Skenazy, a neuropsychologist, recommended that the appellant work in a quiet environment, and that, "[b]ased on his report of excessive fatigue following regular work days, ... [he] would perform better in a part-time position." R. at 318. During a November 1991 VA Special Psychiatric Examination for PTSD, the appellant indicated that his telemarketing job ended in September 1991, and that since September 1991 he was learning, in a vocational rehabilitation training program for the handicapped which met five days a week from 8:30 a.m. to 4:00 p.m., to become a

computer programmer. R. at 324–25. The examining VA physician, Dr. John M. Horton, concluded: "At the end of the program [the appellant] should have the job skills to be employable as an entry-level programmer." R. at 326. In September 1992 the appellant and Dr. Elofson again testified at a VARO hearing. R. at 485–507. The appellant testified that although he completed the computer training in June 1992, and had applied for approximately thirty positions, he was not offered employment despite the program's 97.6% placement rate. R. at 495–97. Dr. Elofson stated that the appellant lost his telemarketing job in September 1991 because of his disability, and added: "He graduated from the Resource Center for the Handicap getting 38 denials ..., he graduated top in his class ... and he is the only one not employed." R. at 498. Dr. Elofson also stated that the appellant continues to be unemployable. R. at 501. On the appellant's VA Application for Increased Compensation Based on Unemployability, dated October 1992, he indicated that he had last worked full time in October 1989, that he last worked part time in September 1991, and that he had become too disabled to work in September 1990. R. at 535–36. The appellant also noted that from June 1992 to September 1992 he made 46 unsuccessful applications for employment. R. at 536–40. The appellant listed his education and training as including the U.S. Army, aeronautics, business administration, and computer programming. R. at 540.

## II. Application of Law to Facts

As noted *supra,* the Secretary moved to vacate the 1993 BVA decision and to remand the matter for further action. First, the Secretary stated that the BVA erred when it used a dictionary definition of "marginal," rather than the meaning accorded that term in the regulation, 38 C.F.R. § 4.16(a). *See* 38 C.F.R. § 4.16(a) ("marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person"). Moreover, noting that the record indicated that the appellant was no longer employed, the Secretary asserted that the BVA erred

by failing to comply with VA ADJUDICATION PROCEDURE MANUAL, M21–1, Part VI, para. 7.55(b)(8), pursuant to which an adjudicator is instructed to "[c]onsider the nature of the employment and the reason for termination in all claims." *See* 38 C.F.R. § 4.16(a) (same). In addition, the Secretary stated that the BVA erred in failing to consider the "considerable evidence," Secretary's Motion (Mot.) at 4, added to the record since the BVA's 1991 decision. *See* 38 U.S.C. § 7104(a). Last, noting that the "BVA relied upon quotes taken out of context," Secretary's Mot. at 5, and "ignore[d] the evidence of record," Secretary's Mot. at 6, the Secretary "submit[ted] that hard work around one's own house and in one's own yard does not necessarily have a correlation with the ability to engage in substantially gainful employment," Secretary's Mot. at 7. In this regard, the Court notes the BVA's statement:

> Should the veteran find himself unable to continue in the [telemarketing] job ..., or one like it, *we do not see* why his obvious abilities in landscaping and house repair, as well as his experience as a pilot, could not be employed in conjunction with his stated needs for structural freedom in his employment and his preference for the outdoors.

R. at 10 (emphasis added). Applicable to this statement is the Court's admonition in *Beaty v. Brown*, 6 Vet.App. 532, 537 (1994) (citations omitted):

> It is the Board's task to make findings based on evidence of record—not to supply missing facts. Where the veteran submits a well-grounded claim for a TDIU rating, as he has done here, the BVA may not reject that claim without producing evidence, as distinguished from mere conjecture, that the veteran can perform work that would produce sufficient income to be other than marginal.

And in *Ferraro v. Derwinski*, 1 Vet.App. 326, 331–32 (1991) (citations omitted), the Court stated:

> The BVA has offered no independent opinions, nor has it pointed to anything in the record that supports its view. The Board has merely offered its own opinion, a technique this Court has previously determined to be inadequate.

Under these circumstances, the Court finds that the BVA had the duty to supplement the record by obtaining an examination which includes an opinion on what effect the appellant's service-connected disability has on his ability to work. 38 U.S.C. § 5107(a); 38 C.F.R. §§ 3.103(a), 3.326, 3.327, 4.16(a) (1993); *Beaty*, 6 Vet.App. at 538; *Obert v. Brown*, 5 Vet.App. 30, 33 (1993).

### III. Conclusion

The Court VACATES the Board's decision and REMANDS the matter for proceedings consistent with this decision, for the Board to adequately state its reasons or bases for its findings and conclusions pursuant to 38 U.S.C. § 7104(d)(1), and to adequately address why the appellant is not entitled to the "benefit of the doubt" under 38 U.S.C. § 5107(b). On remand, the appellant "will be free to submit additional evidence and argument", *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992), including the October 27, 1994, declaration of Dr. Elofson submitted as an appendix to the appellant's November 21, 1994, motion for review. Because that declaration postdates the Board decision here on appeal, the Court has not considered it in the disposition of this case. *See* 38 U.S.C. § 7252(b); *Rogozinski v. Derwinski*, 1 Vet. App. 19 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the BVA).

The Court notes that this is the second remand by the Court and that the BVA failed to comply with the terms of the Court's first remand. In view of this fact, the Court ORDERS that, not later than 10 days after the date of this opinion, the Secretary file a statement informing the Court of what actions he will take (or has already taken) to ensure expeditious treatment of the appellant's claim, including the date he has directed for adjudication to be completed. *See* Veterans' Benefits Improvements Act of 1994, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (Nov. 2, 1994) (Secretary "shall take such actions as may be necessary to provide for the expeditious treatment, by the [BVA] and by the [VAROs], of any claim that has been remanded by the [BVA] or by the

United States Court of Veterans Appeals for additional development or other appropriate action"); *see also* 38 U.S.C. § 7261(a)(2) ("the Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall ... compel action of the Secretary ... unreasonably delayed").