KASOLD, Judge,
dissenting:
Because I believe the majority misapply the law, I respectfully dissent. A primary issue in this case is whether reasonably identified service medical records regarding the hospitalization of Mr. Moore for a psychiatric problem should have been obtained by the Secretary, and, if not obtained, whether the Secretary should have *221 so informed Mr. Moore. There is no dispute that the Secretary has a specific, statutory duty to obtain all relevant service medical records or inform the claimant that he could not do so. See 38 U.S.C. § 5103A(a)(2), (b)(2)-(3), (c). There also is no dispute that the Secretary did not obtain these in-service hospitalization records and did not so inform Mr. Moore.
Despite the fact that the hospitalization records relate to an in-service psychiatric disability and Mr. Moore’s claim for disability compensation is based on his psychiatric disability, and despite the fact the Secretary’s own regulations require a disability to “be viewed in relation to its history” for rating purposes, see 38 C.F.R. § 4.1 (2006), and further require that the weight to be given the evidence is to be “thoroughly and conscientiously studied,” 38 C.F.R. § 4.3 (2006), the majority, on de novo review, find that the hospitalization records are not relevant and that therefore the Board did not err in not securing them. In addition to the obvious fact that these hospitalization records are generally relevant on their face as well as the fact that the majority cannot know the contents of the records that the Secretary failed to obtain and that are not available for review, the majority makes its relevancy finding in the first instance and in the absence of any decision below regarding the relevance of the documents or why they were not obtained. See Wood v. Derwinski, 1 Vet.App. 190, 193 (1991) (“The [Board] has the duty to assess the credibility and weight to be given to the evidence.”); see also Ashmore v. Derwinski, 1 Vet.App. 580, 582 (1991).
In finding that the hospital records are not relevant, the majority rely on (1) the fact that the Board reviewed other service medical records regarding Mr. Moore’s psychiatric condition and (2) the proposition that since Mr. Moore has been awarded service connection, the only remaining issue is the appropriate disability rating after the grant of service connection. As to the first basis, it is axiomatic that having some relevant evidence on an issue is inapposite to the issue of relevancy of other evidence on the issue. See Baritsky v. Principi, 4 Vet.App. 41, 43 (1993) (noting that relevant and material evidence was also cumulative in that case). Moreover, to the extent the existence of some relevant records may enter into consideration of whether a claimant has been prejudiced by the failure of the Secretary to secure all relevant records, without having the benefit of viewing the records, one cannot quantify whether the service medical records regarding Mr. Moore’s week-long hospitalization for a psychiatric condition simply duplicate others in the record. Indeed, almost by definition, these records likely are far more descriptive of his disability than other, non-hospitalization records. In the face of the statutory duty to obtain all relevant service medical records, it cannot be said that there is no prejudice in not obtaining these hospital records when they are relevant on their face and not available for review.[1] Cf. Wagner v. United States, 365 F.3d 1358, 1365 (Fed.Cir.2004) (refusing to apply the harmless *222 error analysis and holding: “Where the effect of an error on the outcome of a proceeding is unquantifiable ..., we will not speculate as to what the outcome might have been had the error not occurred.”)-
As to the latter basis for the majority’s conclusion that the hospital records are not relevant, the majority fail to recognize that, even assuming that the degree of disability after submission of the claim (as opposed to during service) is the primary issue, the evaluation of that disability, as noted above, must nevertheless “be viewed in relation to its history” based on a thorough and conscientious study of the evidence. 38 C.F.R. §§ 4.1, 4.3. Here, a significant part of Mr. Moore’s medical history relevant to his psychiatric disability is simply missing. Thus, the probative value of that missing evidence could not have been, and was not, “thoroughly and conscientiously studied” below (or here, for that matter). See Wagner, supra. Moreover, this case involves an initial disability rating, and the majority’s premise that the specific disability level extant after submission of a claim is the primary issue in an initial disability rating decision — as it is for an increased-rating claim — is contrary to our caselaw. See Fenderson v. West, 12 Vet.App. 119, 126 (1999) (explicitly rejecting the concept that the current level of disability is of “primary importance” in an initial disability rating, as opposed to an increased rating claim).[2] In sum, the majority’s conclusion that the missing hospitalization records are not relevant has no basis in fact or law.
I also write separately to note that although I agree with the majority that medical opinions addressing the impact that service-connected disabilities have on one’s work ability are necessary to a proper rating when, as here, those ratings are specifically dependent on such impact, see 38 C.F.R. §§ 4.1 and 4.10 (2006); see also 38 C.F.R. § 4.130, Diagnostic Code 9410 (2006) (each disability rating above 0% is based, in part, upon occupational impairment due to disability), and further agree that the medical examinations in this case complied with these regulatory requirements, I fail to understand why the majority reject the application of Friscia v. Brown, 7 Vet.App. 294 (1994), and Beaty v. Brown, 6 Vet.App. 532 (1994), to this issue. In my view, they stand for the very same proposition, i.e., that a determination as to the impact that service-connected disabilities have on one’s work ability is necessary to a proper rating when the disability rating is specifically dependent on such impact. To the extent that the majority’s analysis may come into play in the future, I note my objection. I further note that, inasmuch as the Court today concludes that §§ 4.1 and 4.10 require medical examiners to render rating opinions that address the impact of disabilities on work ability when the rating criteria specifically take into consideration this factor and further finds that the medical opinions in this case met that standard, any discussion of Friscia and Beaty — even though raised ex *223 pressly by the appellant — is unnecessary to the disposition of this appeal and the conclusion that these cases are not applicable is obiter dictum. Cf. Hatch v. Principi, 18 Vet.App. 527, 531 (2004) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 67, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (the result and opinion necessary for result is binding)).

. The observation of the majority that I do not offer a theory of prejudice ignores my discussion of 38 C.F.R. §§ 4.1 and 4.3, and the fact that the hospital records are likely more telling of Mr. Moore’s disability than outpatient records and therefor required to be considered pursuant to those regulations. The observation of the majority also evinces a failure to recognize that (1) the hospital records are prima facie relevant, (2) the Secretary has a statutory duty to obtain all relevant service medical records, (3) in the absence of the documents, prejudice is unquantifiable, and (4) under these circumstances, the Court should not speculate as to what the outcome would have been had the records been obtained. See Wagner v. United States, 365 F.3d 1358, 1365 (Fed.Cir.2004).

. Although the majority find Fenderson inap-posite because it involved a remand for consideration of medical records back to the date of discharge, this view ignores the fact Fend-erson involved an issue over the weight given to post-service medical records that were in the file and did not involve, ■ as is the case here, missing service medical records addressing the disability for which benefits are sought. The import and relevance of Fender-son to the issue in this case is that, as stated in the text of my dissent, the Court explicitly rejected the concept underlying the majority opinion; i.e., that the current level of disability is of “primary importance” in an initial disability rating. Fenderson, 12 Vet.App. at 126.