Citation Nr: 1702612 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-45 824 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to May 18, 2009.

2. Entitlement to a TDIU since May 18, 2009.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse


ATTORNEY FOR THE BOARD

R. Kipper, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1965 to June 1969.

This matter comes before the Board of Veterans' Appeals (Board or BVA) on appeal from a March 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

In November 2012, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record.

This matter was previously before the Board in April 2012, May 2014, and January 2015, at which time it was remanded for further development. 

The Veteran was previously represented by Veterans of Foreign Wars of the United States. In June 2015, the Veteran submitted a new VA Form 21-22 in favor of Disabled American Veterans. The Board recognizes this change in representation. 

This decision bifurcates the issue of entitlement to a TDIU into two separate time periods; prior to May 18, 2009 and since May 18, 2009. Such bifurcation of the issue permits a grant of benefits under 38 C.F.R. § 4.16(a) to which the evidence that is of record shows the Veteran is entitled, without delay of this grant of benefits awaiting compliance with procedural adjudication of the remainder of the TDIU appeal under 38 C.F.R. § 4.16(b) for the period for which the service-connected disabilities did not meet the combined rating percentage criteria. See Locklear v. Shinseki, 24 Vet. App. 311 (2011) (bifurcation of a claim generally is within VA's discretion); Tyrues v. Shinseki, 23 Vet. App. 166, 178-79 (2009), aff'd, 631 F.3d 1380 (Fed. Cir. 2011) (holding that it is permissible to bifurcate a claim and to adjudicate the distinct theories of entitlement separately).

The issue of entitlement to a TDIU prior to May 18, 2009 is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

As of May 18, 2009, the Veteran met the schedular criteria for a TDIU, and his service-connected disabilities precluded him from securing or following a substantially gainful occupation.


CONCLUSION OF LAW

As of May 18, 2009, the criteria for a TDIU are met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

Under applicable law, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). In light of the fully favorable decision herein, the Board finds that any deficiencies with respect to satisfying the notice or assistance requirements of the VCAA are moot.

II. TDIU

The Veteran filed his claim for a TDIU on May 5, 2009. However, as discussed in the Introduction above and in the Remand below, the Veteran did not meet the schedular criteria for a TDIU until May 18, 2009; therefore, the Board is remanding the issue of entitlement to a TDIU prior to May 18, 2009 for additional development.

The Veteran contends that his service-connected disabilities prevent him from securing or following any substantially gainful employment.

Where the schedular rating is less than total, a total disability rating for compensation purposes may be assigned when the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

For the purpose of determining whether a Veteran meets the criteria for assigning a schedular TDIU, disabilities resulting from a common etiology and disabilities affecting a single body system are considered to be one disability. Id. In addition, when a Veteran has one disability rated at 50 percent with an additional disability rated at 0 percent or 10 percent, the above-described schedular requirements are considered to have been met. See VBA Fast Letter 13-13 (June 17, 2013).

The term unemployability, as used in VA regulations governing total disability ratings, is synonymous with an inability to secure and follow a substantially gainful occupation. See VAOPGCPREC 75-91 (Dec. 17, 1991). The issue is whether the Veteran's service-connected disability or disabilities preclude him from engaging in substantially gainful employment (i.e., work which is more than marginal, that permits the individual to earn a living wage). See Moore v. Derwinski, 1 Vet. App. 356 (1991). In a claim for TDIU, the Board may not reject the claim without producing evidence, as distinguished from mere conjecture, that the Veteran's service-connected disability or disabilities do not prevent him from performing work that would produce sufficient income to be other than marginal. Friscia v. Brown, 7 Vet. App. 294 (1995).

Consideration may be given to a Veteran's level of education, special training, and previous work experience in arriving at whether a TDIU rating is warranted, but the Veteran's age or the impairment caused by nonservice-connected disabilities may not be considered in such a determination. 38 C.F.R. §§ 3.341, 4.16, 4.19. 

In the present case, from May 18, 2009 to November 23, 2015, the Veteran was service-connected for the following disabilities: (i) diabetes mellitus, type II, rated as 20 percent disabling; (ii) peripheral neuropathy of the left lower extremity, rated as 10 percent disabling; (iii) peripheral neuropathy of the right lower extremity, rated as 10 percent disabling; (iv) peripheral neuropathy of the left upper extremity, rated as 10 percent disabling; (v) peripheral neuropathy of the right upper extremity, rated as 10 percent disabling; (vi) bilateral tinnitus, rated as 10 percent disabling; and (vii) chronic right eye disability, rated as noncompensable. With consideration of the bilateral factor, these disabilities combine to a 60 percent rating. Noting that the Veteran's diabetes mellitus and bilateral peripheral neuropathy of the upper and lower extremities share a common etiology, and affording due consideration to the policy outlined in VBA Fast Letter 13-13, the Board finds that the Veteran's disabilities (i.e. diabetes related disabilities at 50 percent disabling and tinnitus at 10 percent disabling) met the schedular criteria for a TDIU outlined above. 38 C.F.R. § 4.16 (a).

Since November 24, 2015, the Veteran was service-connected for the disabilities noted above, as well as prostatitis, rated as 20 percent disabling, and posttraumatic stress disorder, rated as 30 percent disabling. With consideration of the bilateral factor, these disabilities combine to an 80 percent rating, and the Veteran meets the schedular criteria for a TDIU. 

Thus, at all times since May 18, 2009, the Veteran met the schedular requirements for a TDIU. Accordingly, the remaining question concerns whether the Veteran is unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities. 38 C.F.R. § 4.16(a). 

The evidence shows that the Veteran last worked in a substantially gainful occupation in June 2007 as an airline pilot, a position he left due to diabetes and its residuals. See June 2009 VA 21-8940. 

In May 2011, the Veteran was awarded Social Security Administration disability benefits for diabetes mellitus, type II with neuropathy of the bilateral lower and upper extremities; osteoarthritis; hypertension; and back pain. The disability onset date was found to be December 4, 2005.

During VA examinations in June 2014, a VA examiner opined that the Veteran's diabetes mellitus impacted his ability to work in that the Veteran was an airline pilot and was retired in 2006 as a result of being placed on insulin. The examiner also opined that the Veteran's diabetic peripheral neuropathy impacted the Veteran's ability to work because the Veteran reported that he is tired most of the day and has to pace himself, particularly in the heat.

Pursuant to the Board's January 2015 remand instructions, the Veteran underwent a social and industrial survey in August 2015. After interviewing the Veteran and reviewing the claims file, the VA examiner opined that the Veteran's diabetes and its complications negatively impact his ability to work. The examiner noted that after a 29-year career as an airline pilot, the Veteran lost his licenses from the Federal Aviation Administration when he was diagnosed with diabetes because that condition precludes assignment of a pilot's license. The examiner also noted that the Veteran has difficulty traveling due to urinary incontinence and difficulty driving long distances due to fatigue and discomfort related to bilateral peripheral neuropathy in his arms and legs. The examiner further indicated that the Veteran experienced six to eight episodes of passing out due to low blood sugar over the past 36 months. The examiner concluded that the Veteran was "unemployable due to insulin-dependent diabetes mellitus (IDDM) and medical conditions and complications directed related to IDDM." 

The Board assigns the aforementioned VA opinions great probative weight as they were based upon an examination and interview with the Veteran. Additionally, the conclusions are supported by a review of the record showing that the Veteran lost his pilot's license after being diagnosed with diabetes mellitus and that diabetes mellitus and its complications cause the Veteran to be easily fatigued. When the Veteran's occupational training and education are taken into consideration, it is apparent that his service-connected disabilities render him unemployable.

In sum, the Board finds that Veteran met the schedular criteria for a TDIU as of May 18, 2009, and that his service connected disabilities precluded him from obtaining substantially gainful employment. Thus, the Board finds that entitlement to a TDIU is warranted from May 18, 2009. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16.


ORDER

A TDIU is granted from May 18, 2009, subject to the laws and regulations governing the award of monetary benefits.


REMAND

With regard to the issue of entitlement to a TDIU prior to May 18, 2009, remand is required for further development. 

For the period from May 5, 2009, when the Veteran's TDIU claim was received, until May 17, 2009, the Veteran was service-connected for the following disabilities: (i) diabetes mellitus, type II, rated as 20 percent disabling; (ii) peripheral neuropathy of the left lower extremity, rated as 10 percent disabling; (iii) peripheral neuropathy of the right lower extremity, rated as 10 percent disabling; and (iv) bilateral tinnitus, rated as 10 percent disabling. With consideration of the bilateral factor, these disabilities combine to a 40 percent rating. As noted above, for the purpose of a TDIU analysis, disabilities of a common etiology are to be treated as one disability. See 38 C.F.R. § 4.16 (a)(1). Thus, the Veteran had one disability rated as 40 percent disabling, but insufficient additional disability to bring the combined rating to 70 percent or more. Accordingly, the criteria for a TDIU under 38 C.F.R. § 4.16 (a) were not met. 

Even when the criteria under 38 C.F.R. § 4.16 (a) are not met, entitlement to a TDIU on an extraschedular basis may be considered when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. 38 C.F.R. §4.16 (b). 

In the present case, as discussed in detail above, there is evidence that suggests that the Veteran was unable to secure or follow a substantially gainful occupation due to his service-connected disabilities prior to May 18, 2009. See 38 C.F.R. §§ 3.340, 4.16(b). However, the Board does not have the authority to assign an extraschedular TDIU in the first instance. Bowling v. Principi, 15 Vet. App. 1 (2001). Therefore, referral to the Director, Compensation Service, for consideration of entitlement to a TDIU prior to May 18, 2009 is warranted. 38 C.F.R. § 4.16 (b)

Accordingly, the case is REMANDED for the following action:

1. Forward this case to the Director, Compensation Service for consideration of the assignment of a TDIU on an extraschedular basis pursuant to the provisions of 38 C.F.R. § 4.16 (b) (2016). In connection with the referral, the RO/AMC should include a full statement outlining the Veteran's service-connected disability, employment history, educational attainment, and all other factors having a bearing on the issue during the applicable timeframe.

2. Following the completion of the foregoing, the RO/AMC should readjudicate the Veteran's claim. If the claim is denied, supply the Veteran and his representative with a supplemental statement of the case and allow an appropriate period of time for response. Thereafter, the claims folder should be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs