﻿Citation Nr: AXXXXXXXX
Decision Date: 03/19/19 Archive Date: 03/19/19

DOCKET NO. 181120-1069
DATE: March 19, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability is denied.

FINDINGS OF FACT

1. The Veteran has a disability independently rated as 60 percent disabling.

2. The Veteran’s service-connected disabilities do not prevent him from engaging in substantially gainful employment for which his education and occupational experience would qualify him.

CONCLUSION OF LAW

The criteria for entitlement to TDIU have been not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.3, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from November 1952 to October 1959. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the opportunity to submit additional evidence within 90 days. This period has now passed.

Entitlement to total disability based on individual unemployability (TDIU)

TDIU may be assigned where the schedular rating is less than total if it is found that the claimant is unable to secure or follow a substantially gainful occupation as a result of 1) a single service-connected disability ratable at 60 percent or more, or 2) as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

A claimant need not show 100 percent unemployability in order to be entitled to TDIU. Roberson v. Principi, 251 F.3d 1378, 1385 (Fed. Cir. 2001). The criteria of 38 C.F.R. § 4.16 establish a flexible standard for TDIU that takes into account the claimant’s individual circumstances, to include his or her education and occupational experience. Id. The Board cannot deny TDIU without producing evidence, as distinguished from mere conjecture, showing the claimant can perform work that would produce sufficient income to be other than marginal. Friscia v. Brown, 7 Vet. App. 294, 297 (1994).

The ultimate issue of whether TDIU should be awarded is not a medical issue, but is a determination for the adjudicator. See Geib v. Shinseki, 733 F.3d 1350 (Fed. Cir. 2015). The existence or degree of nonservice-connected disabilities is to be disregarded where the percentages of service-connected disabilities indicate TDIU may be warranted. 38 C.F.R. § 4.16(a).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3.

Here, the Veteran meets the schedular percentage requirements for TDIU. His service-connected asbestosis is currently evaluated as 60 percent disabling. The Veteran also has additional 10 percent evaluations for bilateral hearing loss and tinnitus. Thus, the only issue that remains is whether his service-connected disabilities prevent him from engaging in substantially gainful employment for which his education and occupational experience would otherwise qualify him.

The Veteran contends his service-connected asbestosis prevents him from maintaining gainful employment due to limitations in mobility caused by respiratory impairment brought on by light physical activity.

The record shows the Veteran is college-educated with an undergraduate degree in electrical engineering. Prior to retirement in 1994, the Veteran spent 27 years as an environmental compliance administrator for a power company. Based on the information the Veteran has provided, his service-connected disabilities had not manifested at the time, and his health was not a motivating factor in his decision to retire.

Regarding the Veteran’s hearing loss and tinnitus, the Veteran listed his hearing conditions as contributing to his inability to work as part of his claim. Despite this, the record does not show bilateral hearing loss and tinnitus disabilities have significantly impaired his functioning enough to interfere with gainful employment. An October 2018 VA examination indicated the Veteran’s hearing loss and tinnitus do not impact ordinary conditions of the Veteran’s life, including his ability to work. The Veteran’s lay statements in support of his claim likewise fail to note the impact of his hearing conditions and focus on the symptoms of his asbestosis. Therefore, the Board’s findings will be primarily focused on the impact of the Veteran’s asbestosis disability.

An initial July 2017 VA examination indicated a May 2017 diagnosis of asbestosis following complaints of pneumonia earlier in the year. On examination, the Veteran showed unlabored breathing with crackling bilaterally. In describing the functional impact of this condition, the examiner noted the Veteran is capable of independent functioning, but with reported dyspnea when climbing stairs and pleuritic chest pain with brisk walking and deep breaths since February 2017. These pains were described as getting better, with the Veteran rarely resorting to the use of pain medication. The examiner indicates the condition prevents physically active work but not sedentary work activities.

A second October 2017 VA examination reported evidence of pleural thickening characteristic of asbestosis. The examiner indicated the Veteran did not require outpatient oxygen treatment or any continuous medical treatment. The only medications recorded for the Veteran’s respiratory condition were antibiotics for four weeks to treat a prior acute case of pneumonia. The functional impairment caused by the Veteran’s description was described as decreased mobility and limitation on walking and standing, with reports of dyspnea with light physical activity, such as using stairs or walking a block or more.

VA treatment records contain initial lab findings of pleural calcification, modes in the right upper lung, and other findings consistent with asbestos exposure on scans of the Veteran’s chest starting in February 2017 and confirmed by follow-up examinations in July and October of the same year. A March 2017 primary care note recorded symptoms of mild dyspnea on exertion, described as chronic and stable. These reports do not contain additional information on the functional impact of the Veteran’s condition during the period on appeal.

In lay statements submitted to VA throughout the course of the appeal, the Veteran has argued his respiratory disability would not allow him to maintain even sedentary employment. He indicates that his condition renders him unable to walk from a parking lot to an employer location or to ascend or descend stairs. He contends the rest required after this level of activity would interfere with performance of his duties and even getting to work would be an issue.

After carefully considering the above evidence, the Board finds that the Veteran’s service-connected disabilities do not preclude him from securing and following a substantially gainful occupation. Though the Veteran is not currently employed, the record shows this is due to retirement and is unrelated to limitations caused by his service-connected disabilities. The Veteran has an undergraduate degree with decades of experience in electric engineering, and his last position was administrative in nature. Absent evidence to the contrary, this would indicate the Veteran has the training and experience to obtain gainful employment in a sedentary occupation.

Further, in his statements submitted to VA, the Veteran does not argue that any particular duty of employment would be beyond his ability; rather that mobility more generally is what prevents his employability. In his examinations, he has reported dyspnea and chest pain with exertion the equivalent of climbing a flight of stairs or walking a block or more. Based on this, the Veteran argues he would have difficulty getting to a place of employment. 

While acknowledging this argument, the Board finds it unpersuasive based on the severity of the condition as described in the medical evidence of record. The July 2017 VA examination indicated chest pain symptoms had onset with a brisk walk and were rarely severe enough to require medication. This examination also indicated the symptoms were improving after their initial onset in February 2017, and further indicated the Veteran has adequate mobility to remain independent in his daily functioning. Neither VA examination indicated the need for treatments that might further inhibit functioning, such as oxygen or regular medication. Though his dyspnea and chest pains are well-documented, nothing in the record shows these symptoms on exertion are so severe as to prevent sedentary work activity or travel to a workplace.

In short, the preponderance of the evidence weighs against a finding that the Veteran’s asbestosis disability would preclude performance of sedentary work. Given the Veteran’s work history and education, the Board finds the Veteran’s service-connected disabilities do not prevent him from securing or following a substantially gainful occupation. Accordingly, the Board finds that entitlement to TDIU is not warranted.

 

M. HYLAND

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Pitman, Associate Counsel