Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210712-171965
DATE: October 29, 2021

ORDER

Entitlement to service connection for warts of the right elbow is denied.

Entitlement to service connection for warts of the left elbow is denied.

Entitlement to service connection for warts of the left shoulder is denied.

Entitlement to service connection for warts of the right shoulder is denied.

Entitlement to service connection for bilateral open angle glaucoma is denied.

Entitlement to service connection for hypertension is denied.

Entitlement to a total disability rating based on individual unemployability due to the service-connected disabilities (TDIU) is denied.

REMANDED

Entitlement to service connection for diabetes mellitus type II is remanded.

Entitlement to service connection for a heart disorder is remanded.

Entitlement to service connection for hypothyroidism is remanded.

Entitlement to service connection for prostate cancer is remanded.

Entitlement to service connection for a cervical spine disorder is remanded.

Entitlement to service connection for neuropathy of the right upper extremity is remanded.

Entitlement to service connection for neuropathy of the left upper extremity is remanded.

Entitlement to service connection for neuropathy of the left lower extremity is remanded.

Entitlement to service connection for neuropathy of the right lower extremity is remanded.

Entitlement to service connection for a right hip disorder is remanded.

Entitlement to service connection for a left hip disorder is remanded.

Entitlement to service connection for a left knee disorder is remanded.

Entitlement to service connection for a right knee disorder is remanded.

Entitlement to service connection for a left ankle disorder is remanded.

Entitlement to service connection for a right ankle disorder is remanded.

Entitlement to service connection for a right wrist disorder is remanded.

Entitlement to service connection for a right foot disorder is remanded.

Entitlement to service connection for a left wrist disorder is remanded.

Entitlement to service connection for a left foot disorder is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that warts of the right elbow began during active service, or are otherwise related to an in-service injury or disease.

2. The preponderance of the evidence is against finding that warts of the left elbow began during active service, or are otherwise related to an in-service injury or disease.

3. The preponderance of the evidence is against finding that warts of the left shoulder began during active service, or are otherwise related to an in-service injury or disease.

4. The preponderance of the evidence is against finding that warts of the right shoulder began during active service, or are otherwise related to an in-service injury or disease.

5. The Veteran's bilateral open angle glaucoma was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and, the disability is not otherwise etiologically related to an in-service injury or disease.

6. The Veteran's hypertension was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and, the disability is not otherwise etiologically related to an in-service injury or disease.

7. The Veteran is not currently service-connected for any disabilities.

CONCLUSIONS OF LAW

1. The criteria for service connection for warts of the right elbow are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for warts of the left elbow are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for warts of the left shoulder are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

4. The criteria for service connection for warts of the right shoulder are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria for service connection for bilateral open angle glaucoma are not met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

6. The criteria for service connection for hypertension are not met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

7. The criteria for a TDIU have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1965 to July 1965. The rating decision on appeal was issued in May 2021 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the July 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board of Veterans' Appeals (Board) may only consider the evidence of record at the time of the Agency of Original Jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The June 2021 rating decision found that new and relevant evidence had been received to readjudicate all of the service connection claims currently on appeal. This is a favorable finding by the AOJ and the Board will proceed to the address the claims on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

1. Entitlement to service connection for warts of the right elbow. 

2. Entitlement to service connection for warts of the left elbow.

3. Entitlement to service connection for warts of the left shoulder.

4. Entitlement to service connection for warts of the right shoulder.

The Veteran generally contends that his warts of the shoulders and elbows are related to his active military service. 

The question for the Board is whether the Veteran has current disabilities that began during service or are at least as likely as not related to an in-service injury, event, or disease.

On his VA Form 20-0995, the Veteran reported warts on his shoulders and elbows. The Veteran is competent to describe these current symptoms. Although the current medical treatment records do not document current diagnoses related to warts, the Board finds that, in giving the Veteran the benefit of the doubt, he has current diagnoses. The Board finds that the Veteran has satisfied the first element of service connection (i.e., current diagnoses) for these claims.

The Board concludes that, while the Veteran has current diagnoses, the preponderance of the evidence is against finding that they began during active service, or are otherwise related to an in-service injury, event, or disease. 

The Veteran has not been afforded VA examinations for these claims, but the Board finds that VA examinations are not necessary. The medical and lay evidence does not demonstrate that in-service injuries, events, or diseases occurred. The Veteran has not described in-service injuries, events, or diseases, and his service treatment records do not contain any pertinent in-service complaints of or treatment for the disorders on appeal. VA must consider lay evidence but may give it whatever weight it concludes the evidence is entitled to and mere conclusory generalized lay statements that service event or illness caused the claimant's current conditions is insufficient to require the VA Secretary to provide VA examinations. Waters v. Shinseki, 601 F.3d 1274, 1278 (2010). The Board finds that the standards of McClendon v. Nicholson, 20 Vet. App. 79 (2006) are not met in this case.

While the Veteran believes his warts are related to his active military service, the Veteran in this case is not competent to provide nexus opinions regarding these issues. The issues are medically complex, as they require knowledge of anatomical relationships and pathology. Therefore, they are outside the competence of the Veteran in this case because the record does not show that he has the skills or medical training to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see Kahana v. Shinseki, 24. Vet. App. 428 (2011). There are no medical opinions of record linking the Veteran's warts to his active military service. The medical and lay evidence documents a significant length of time between the Veteran's military discharge and his first report of symptoms, which provides probative support against in-service incurrences. 

The Board finds that the preponderance of the evidence weighs against finding that in-service injuries, events, or diseases occurred. Consequently, the Board gives more probative weight to the medical evidence. The claims are denied.

5. Entitlement to service connection for bilateral open angle glaucoma.

The Veteran generally asserts that his glaucoma is related to his active military service. 

The Veteran has a current diagnosis of glaucoma, as evidenced by the December 2019 private medical opinion. Glaucoma is an enumerated condition under 38 C.F.R. § 3.309(a); Walker, 708 F.3d 1331. 

However, the disability was not shown as chronic in service, did not manifest to a compensable degree within a presumptive period, and was not noted in service with attributable continuity of symptomatology. VA and private treatment records show the Veteran was not diagnosed with glaucoma until February 2015, decades after his separation from service and decades outside of the applicable presumptive period. 

The Veteran is not competent to provide a diagnosis in this case or determine that his symptoms were manifestations of glaucoma, as the Veteran has not demonstrated the necessary medical expertise. The issue is medically complex, as it requires interpretation of complicated diagnostic medical testing. Jandreau, 492 F.3d at 1377. The Board gives more probative weight to competent medical evidence.

Service connection for glaucoma may still be granted on a direct basis; however, the preponderance of the evidence is against finding that a medical nexus exists between the Veteran's glaucoma and an in-service injury, event or disease. 38 U.S.C. § 1110; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303. 

The Veteran has not been afforded a VA examination for this claim, but the Board finds that a VA examination is not necessary. The medical and lay evidence does not demonstrate that an in-service injury, event, or disease occurred. The Veteran has not described in-service injuries, events, or diseases, and his service treatment records do not contain any pertinent in-service complaints of or treatment for the disorder on appeal. VA must consider lay evidence but may give it whatever weight it concludes the evidence is entitled to and mere conclusory generalized lay statements that service event or illness caused the claimant's current condition is insufficient to require the VA Secretary to provide a VA examination. Waters, 601 F.3d at 1278. The Board finds that the standards of McClendon v. Nicholson, 20 Vet. App. 79 (2006) are not met in this case.

While the Veteran believes his glaucoma is related to an in-service injury, event, or disease, he is not competent to provide a nexus opinion in this case. This issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the skills or medical training to make such a determination. Jandreau, 492 F.3d at 1377; see Kahana, 24. Vet. App. at 428. There are no medical opinions of record linking the Veteran's glaucoma to his active military service. The medical and lay evidence documents a significant length of time between the Veteran's military discharge and his first report of symptoms, which provides probative support against an in-service incurrence. 

The Board finds that the preponderance of the evidence weighs against finding that an in-service injury, event, or disease occurred. Consequently, the Board gives more probative weight to the medical evidence. The claim is denied.

6. Entitlement to service connection for hypertension.

The Veteran generally contends that his hypertension is related to his active military service. 

The Veteran has a current diagnosis of hypertension, as evidenced by the March 2010 VA treatment record. Hypertension is an enumerated condition under 38 C.F.R. § 3.309(a); Walker, 708 F.3d 1331. 

However, the disability was not shown as chronic in service, did not manifest to a compensable degree within a presumptive period, and was not noted in service with attributable continuity of symptomatology. VA and private treatment records show the Veteran was not diagnosed with hypertension until March 2010, decades after his separation from service and decades outside of the applicable presumptive period. 

The Veteran is not competent to provide a diagnosis in this case or determine that his symptoms were manifestations of hypertension, as the Veteran has not demonstrated the necessary medical expertise. The issue is medically complex, as it requires interpretation of complicated diagnostic medical testing. Jandreau, 492 F.3d at 1377. The Board gives more probative weight to competent medical evidence.

Service connection for hypertension may still be granted on a direct basis; however, the preponderance of the evidence is against finding that a medical nexus exists between the Veteran's hypertension and an in-service injury, event or disease. 38 U.S.C. § 1110; Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303. 

In December 2019, a private physician, Dr. C.M.Q. provided a medical opinion. The internist did not state if he reviewed the Veteran's claims file or examined the Veteran. The physician diagnosed the Veteran as hypertensive and stated that the Veteran is in "therapy with poor blood pressure." Dr. C.M.Q. opined that the Veteran presents with cardiovascular and metabolics diseases that are more probable than not secondary to his military service performance. Rationale was not provided for this opinion. 

The June 2021 VA examiner opined that the Veteran's hypertension is less likely than not (less than 50 percent probability) incurred in or caused by a specific in-service illness, event, or injury. Based on a record review and an examination, the VA examiner opined that there is no clinical and objective evidence to support that the Veteran's hypertension had its onset while on active duty. The evidence supports that the condition dates back to 2010, while on non-active military service and has followed the natural progression. Active military service records are silent for diagnosis, treatment, and chronicity of care for the condition. The examiner reviewed the December 2019 private medical opinion. The examiner noted that the private medical opinion states the Veteran has hypertension, although the medical data lacks a physical examination and blood pressure readings. Furthermore, the examiner found that the private opinion was written in 2019, years after the Veteran's active military service. The examiner determined that the private opinion was "useless for the purpose of this type of C&P evaluation due to omission of clinical and objective element."

The private medical opinion is not based on an examination of the Veteran or a complete review of the medical record, and does not contain a rationale. In contrast, the VA examiner's opinion is probative because it is based on an accurate medical history, an examination of the Veteran, and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). Consequently, the Board gives more probative weight to the VA medical opinion of record, which provides a negative nexus opinion. 

While the Veteran believes his hypertension is related to an in-service injury, event, or disease, he is not competent to provide a nexus opinion in this case. This issue is also medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the skills or medical training to make such a determination. Jandreau, 492 F.3d at 1377; see Kahana, 24. Vet. App. at 428. The medical and lay evidence documents a significant length of time between the Veteran's military discharge and his first report of symptoms, which provides probative support against an in-service incurrence. 

The Board finds that the preponderance of the evidence weighs against finding that an in-service injury, event, or disease occurred. The claim is denied.

7. Entitlement to a TDIU.

Total disability will be considered to exist where there is impairment of mind or body sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. §§ 3.340, 4.16. Marginal employment shall not be considered substantially gainful employment. 38 C.F.R. § 4.16(a). 

Total disability ratings for compensation may be assigned where the schedular rating is less than total when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, the disability shall be ratable at 60 percent or more, and if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). Factors to be considered are the veteran's education, employment history, and vocational attainment. Ferraro v. Derwinski, 1 Vet. App. 326 (1991). 

The U.S. Court of Appeals for Veterans Claims has held that in determining whether the veteran is entitled to a total disability rating based upon individual unemployability neither his or her nonservice-connected disabilities nor his or her advancing age may be considered. Van Hoose v. Brown, 4 Vet. App. 361 (1993). The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether a veteran is capable of performing the physical and mental acts required by employment, not whether a veteran can find employment. Id. 

In a claim for TDIU, the Board may not reject the claim without producing evidence, as distinguished from mere conjecture, that the veteran's service-connected disabilities do not prevent him or her from performing work that would produce sufficient income to be other than marginal. See Friscia v. Brown, 7 Vet. App. 294 (1995). The Court stressed that VA has a duty to supplement the record by obtaining an examination, which includes an opinion on what effect the veteran's service-connected disabilities have on his or her ability to work. Friscia, at 297, citing 38 U.S.C. § 5107(a); 38 C.F.R. §§ 3.103(a), 3.326, 3.327, 4.16(a).

The Veteran filed his TDIU claim in September 2020. The Veteran is not currently service-connected for any disabilities, and has not been service-connected for any disabilities at any time since September 2020. As such, the objective minimum percentage requirements, set forth in 38 C.F.R. § 4.16(a), for the award of a schedular TDIU are not met. On his September 2020 VA 21-8940 Form, the Veteran mentioned that his heart, diabetes mellitus, prostate cancer, arms, and legs, in pertinent part, prevented him from securing or following substantially gainful employment. The Board is remanding these issues for further development. However, the Board is unable to remand the TDIU issue as an intertwined issue under the AMA, as the heart, diabetes mellitus, prostate cancer, arms, and legs were not service-connected disabilities at the time of the initial June 2021 rating decision. Thus, the Board is unable to grant a TDIU without a single service-connected disability. The claim must be denied.

REASONS FOR REMAND

1. Entitlement to service connection for diabetes mellitus type II is remanded.

2. Entitlement to service connection for a heart disorder is remanded.

3. Entitlement to service connection for hypothyroidism is remanded.

4. Entitlement to service connection for prostate cancer is remanded.

5. Entitlement to service connection for a cervical spine disorder is remanded.

6. Entitlement to service connection for neuropathy of the right upper extremity is remanded.

7. Entitlement to service connection for neuropathy of the left upper extremity is remanded.

8. Entitlement to service connection for neuropathy of the left lower extremity is remanded.

9. Entitlement to service connection for neuropathy of the right lower extremity is remanded.

10. Entitlement to service connection for a right hip disorder is remanded.

11. Entitlement to service connection for a left hip disorder is remanded.

12. Entitlement to service connection for a left knee disorder is remanded.

13. Entitlement to service connection for a right knee disorder is remanded.

14. Entitlement to service connection for a left ankle disorder is remanded.

15. Entitlement to service connection for a right ankle disorder is remanded.

16. Entitlement to service connection for a right wrist disorder is remanded.

17. Entitlement to service connection for a right foot disorder is remanded.

18. Entitlement to service connection for a left wrist disorder is remanded.

19. Entitlement to service connection for a left foot disorder is remanded.

The diabetes mellitus, heart, hypothyroidism, prostate cancer, cervical spine, peripheral neuropathy, hips, knees, ankles, wrists, ankles, and feet issues are remanded to correct a duty to assist error that occurred prior to the June 2021 rating decision on appeal. The AOJ did not obtain VA examinations and medical opinions prior to the June 2021 rating decision on appeal for these service connection issues. However, in December 2019, a private physician, Dr. C.M.Q. provided a medical opinion. The physician diagnosed the Veteran with diabetes mellitus type II, cardiovascular disease, hypothyroidism, status post prostate adenocarcinoma, chronic cervical spine pain, diabetic neuropathy of the upper and lower limbs, degenerative joint disease of the hips, degenerative joint disease of the knees, degenerative joint disease of the ankles, degenerative joint disease of the wrists, and degenerative joint disease of the feet. Dr. C.M.Q. opined that the Veteran presents with cardiovascular, metabolics, and musculoskeletal diseases that are more probable than not secondary to his military service performance. Dr. C.M.Q. did not provide any rationale for this opinion, did not examine the Veteran, and did not review the Veteran's claims file. This private medical opinion is not sufficient to grant the claims; however, the opinion is sufficient to warrant obtaining VA medical opinions for these claims. McClendon, 20 Vet. App. at 79. The December 2019 opinion was of record at the time of the June 2021 rating decision. Thus, based on the evidence associated with the claims file prior to the June 2021 rating decision, the Board finds that VA medical opinions are required to determine whether the Veteran's current diagnoses are related to his active military service. 

The matters are REMANDED for the following actions:

1. Obtain an addendum opinion from an appropriate clinician regarding the Veteran's diabetes mellitus type II. The examiner must review the claims file.

The examiner is asked to provide a response to the following:

a) Is the diabetes mellitus type II at least as likely as not related to service?

b) Is it at least as likely as not that the diabetes mellitus type II (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service?

Provide a rationale to support the opinions. 

2. Obtain an addendum opinion from an appropriate clinician regarding the Veteran's cardiovascular disease. The examiner is asked to provide a response to the following:

a) Is the cardiovascular disease at least as likely as not related to service?

b) Is it at least as likely as not that the cardiovascular disease (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service?

Provide a rationale to support the opinions. 

3. Obtain an addendum opinion from an appropriate clinician regarding the Veteran's hypothyroidism. The examiner is asked to provide a response to the following:

a) Is the hypothyroidism at least as likely as not related to service?

b) Is it at least as likely as not that the hypothyroidism (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service?

Provide a rationale to support the opinions. 

4. Obtain an addendum opinion from an appropriate clinician regarding the Veteran's status post prostate adenocarcinoma. The examiner is asked to provide a response to the following:

a) Is the status post prostate adenocarcinoma at least as likely as not related to service?

b) Is it at least as likely as not that the status post prostate adenocarcinoma (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service?

Provide a rationale to support the opinions. 

5. Obtain an addendum opinion from an appropriate clinician regarding the Veteran's chronic cervical spine pain. The examiner is asked to opine whether the chronic cervical spine pain is at least as likely as not related to service. Provide a rationale to support the opinion. 

6. Obtain an addendum opinion from an appropriate clinician regarding the Veteran's diabetic neuropathy of the upper and lower limbs. The examiner is asked to provide a response to the following:

a) Is the diabetic neuropathy of the upper and lower limbs at least as likely as not related to service?

b) Is it at least as likely as not that the diabetic neuropathy of the upper and lower limbs (1) began during active service, (2) manifested within one year after discharge from service, or (3) were noted during service with continuity of the same symptomatology since service?

Provide a rationale to support the opinions. 

7. Obtain an addendum opinion from an appropriate clinician regarding the Veteran's degenerative joint disease of the knees, ankles, wrists, hips, and feet. The examiner is asked to provide a response to the following:

a) Is the degenerative joint disease of the knees, ankles, wrists, hips, and feet at least as likely as not related to service?

b) Is it at least as likely as not that the degenerative joint disease of the knees, ankles, wrists, hips, and feet (1) began during active service, (2) manifested within one year after discharge from service, or (3) were noted during service with continuity of the same symptomatology since service?

Provide a rationale to support the opinions. 

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. M. Watkins, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.