Citation Nr: AXXXXXXXX
Decision Date: 05/27/21 Archive Date: 05/27/21

DOCKET NO. 200620-96930
DATE: May 27, 2021

ORDER

Entitlement to an increased rating in excess of 70 percent for unspecified depressive disorder with anxious distress is denied.

Entitlement to a TDIU is granted.

FINDINGS OF FACT

1. The Veteran's unspecified depressive disorder with anxious distress symptoms most nearly approximate a 70 percent rating. 

2. The Veteran's service connected disabilities preclude her from securing or maintaining substantially gainful employment.

CONCLUSIONS OF LAW

1. The criteria for entitlement to a disability rating in excess of 70 percent for unspecified depressive disorder with anxious distress, have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.1-4.14, 4.130, Diagnostic Code 9434 (2019). 

2. The criteria for entitlement to a TDIU have been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force from August 2008 to September 2013. 

This matter comes before the Board of Veterans' Appeals (Board) from a December 2019 Appeals Modernization Act (AMA) rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

In June 2020, the Veteran filed a notice of disagreement (NOD) (VA Form 10182) in which she requested the evidence lane. Under the evidence lane, the Board reviews the claim based on the evidence of record at the time of the prior rating decision, and evidence received within 90 days following receipt of the NOD. 38 C.F.R. § 20.303. In this case, additional evidence was received within the appropriate window for evidence lane review; therefore, the Board will consider the newly submitted evidence.

The Board notes that in Rice v. Shinseki, the United States Court of Appeals for Veterans Claims (Court) held that a claim of entitlement to a TDIU may be considered part and parcel of an increased rating claim. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board notes that entitlement to a TDIU was not considered by the AOJ; however, throughout the appeal, the Veteran's unemployability has been raised and the Veteran has continued to assert that she is unemployable due to her unspecified depressive disorder with anxious distress. In light of the Court's holding in Rice, the Board has considered the TDIU claim as part of her pending increased rating claim.

Increased Rating

Disability ratings are based on the average impairment of earning capacity resulting from disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. Where there is a question as to which of two evaluations shall be applied, the higher evaluations will be assigned if the disability more closely approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

In general, when an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, when the current appeal arises from the initially assigned rating, consideration must be given as to whether staged ratings should be assigned to reflect entitlement to a higher rating at any point during the pendency of the claim. Fenderson v. West, 12 Vet. App. 119 (1999). Moreover, staged ratings are appropriate in any increased rating claim in which distinct time periods with different ratable symptoms can be identified. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41. Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991). The basis of disability evaluations is the ability of the body as a whole to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. 

The current regulations establish a general rating formula for mental disorders. 38 C.F.R. § 4.130. Ratings are assigned according to the manifestation of particular symptoms. However, the use of the term "such as" in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002). 

Accordingly, the evidence considered in determining the level of impairment is not restricted to the symptoms provided in the diagnostic codes. Instead, VA must consider all symptoms of a Veteran's condition that affect the level of occupational and social impairment, including, if applicable, those identified in the Diagnostic and Statistical Manual of Mental Disorders. 

A rating of 10 percent is warranted when there is occupational and social impairment due to mild or transient symptoms with decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or symptoms controlled by continuous medication. 

A 30 percent is warranted when there is occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupation tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: a depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, and mild memory loss (such as forgetting names, directions, recent events). 38 C.F.R. § 4.130, Diagnostic Code 9411. 

A rating of 50 percent is warranted when there is occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (retention of only highly learned material, forgetting to complete tasks); impaired judgment, impaired abstract thinking; disturbances of motivation and mood; and difficulty establishing and maintaining effective work and social relationships. Id. 

A 70 percent evaluation is warranted where there is objective evidence demonstrating that the Veteran has occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to suicidal ideation; obsessional rituals which interfere with his routine activities, speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, or effectively; impaired impulse control, such as unprovoked irritability with periods of violence; spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances, including work or a work-like setting; and the inability to establish and maintain effective relationships. Id. 

A 100 percent evaluation is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name. Id. 

The Board has considered the entire record, including the Veteran's VA clinical records and private treatment records. These show complaints and treatment but will not be referenced in detail. The Federal Circuit has held that the Board must review the entire record but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000). Therefore, the Board will discuss the evidence pertinent to the rating criteria and the current disability. 

1. Entitlement to an increased rating in excess of 70 percent for unspecified depressive disorder with anxious distress.

The Board finds that an evaluation of 70 percent, but no higher, for the entire period on appeal is warranted. Throughout the entire period on appeal, the Veteran has had occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood due to depressed mood, panic attacks affecting her ability to function, disturbances in motivation and mood, chronic sleep impairment, neglect of personal hygiene, and difficulty in adapting to stressful circumstances.

The Veteran was afforded a VA examination in November 2019 for her unspecified depressive disorder with anxious distress. She reported depressed mood, anxiety, ongoing difficulty with panic attacks that decrease her ability to function, chronic sleep impairment, nightmares, daily fatigue, flattened affect, disturbances in motivation and mood, hypervigilance, and difficulty in establishing and maintaining effective work and social relationships. The examiner noted the Veteran had occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. 

The examiner also discussed the Veteran's social impairment. He noted the Veteran had "severe stress that interferes with family functioning more than 75% of the time," and "moderately limited involvement with others (25-74% of normal interaction for age)." The Veteran reported she is not interested in pursuing a romantic relationship because she has trust issues and parental demands. Her primary focus is on raising her three children. The Veteran reported that she has no friends and talks to her family on occasion. She also reported that she is "avoidant of crowded or busy public venues and as a result experiences high levels of anxiety when accessing the community."

Additionally, the Veteran has multiple life stressors reported in her VA treatment records. She has struggled with homelessness, debt, marital abuse, sexual and physical abuse as a child, witnessing her mother's death as a child, and military sexual trauma. 

The Board has also considered the Veteran's symptoms which are not included in the rating criteria listed under 38 C.F.R. § 4.130 and whether they constitute symptoms that would be comparable in type and degree (frequency, severity, and duration) to the criteria for a 100 percent rating. See Mauerhan, 16 Vet. App. at 443; Vazquez-Claudio v. Shinseki. Though the Veteran's symptoms have been shown to be significant and manifest with frequency, the Board, in weighing all of the evidence, does not find that these symptoms are of a comparable severity to the symptomatology required for a rating of 100 percent.

The Veteran has not exhibited symptoms that more nearly approximate a 100 percent rating. The Veteran's occupational and social impairment is not caused by gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name. The Veteran has not reported any of the above symptoms. Additionally, she specifically denied delusions or hallucinations, and suicidal or homicidal ideation on multiple occasions. Although the Veteran reported that her "showers are scarce" in June 2020 correspondence, she has consistently been observed as well groomed, and specifically as "clean" and able to maintain minimal personal hygiene at the November 2019 examination. 

Thus, the Board concludes that the Veteran's symptoms likely more nearly approximate the criteria for a 70 percent rating, but no higher.

2. Entitlement to a TDIU

Without regard to advancing age or impairment due to nonservice-connected disabilities, if the schedular rating is less than total, a TDIU rating can be assigned based on individual unemployability if a Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability(ies); provided that he has one service-connected disability rated at 60 percent or higher; or two or more service-connected disabilities, with one disability rated at 40 percent or higher and the combined rating is 70 percent or higher. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). If a Veteran fails to meet the percentage standards set forth in § 4.16(a) but is unemployable by reason of service-connected disabilities, the claim may be submitted for extraschedular consideration. 38 C.F.R. § 4.16 (b). In evaluating total disability, full consideration must be given to unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effects of combinations of disability. 38 C.F.R. § 4.15.

An award of TDIU does not require a showing of 100 percent unemployability. See Roberson v. Principi, 251 F.3d 1378, 1385 (2001). The central inquiry is whether a Veteran's service-connected disabilities alone are of sufficient severity to render the Veteran unable to secure or follow a substantially gainful occupation. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993).

Unlike the regular disability rating schedule, which is based on the average work-related impairment caused by a disability, "entitlement to TDIU is based on an individual's particular circumstances." Rice v. Shinseki, 22 Vet. App. 447, 452 (2009). Therefore, a TDIU analysis must take into account the individual Veteran's education, training, and work history. Hatlestad v. Derwinski, 1 Vet. App. 164, 168 (1991); see Friscia v. Brown, 7 Vet. App. 294, 295-97 (1994); Beaty v. Brown, 6 Vet. App. 532, 534 (1994); Moore v. Derwinski, 1 Vet. App. 356, 357 (1991).

The Veteran is service connected for unspecified depressive disorder with anxious distress, currently rated 70 percent disabling, ventral hernia, rated 0 percent disabling, and surgical scar associated with ventral hernia, rated 0 percent disabling. Here, the Veteran meets the schedular criteria for a TDIU rating, so the remaining question is whether the Veteran's disabilities cause her to be unable to secure or maintain a substantially gainful occupation.

In June 2020 correspondence, the Veteran reported that she had no job or skill set. She also stated she went through vocational rehabilitation and counseling through the VA, but has no motivation to continue. Additionally, she stated she wants to work but "memories of abuse and silence encompass me." Included in medical treatment records, also submitted in June 2020, the Veteran listed the colleges she has attended. She reports that did not complete her degree at any of these schools. 

During the November 2019 VA examination for her unspecified depressive disorder with anxious distress, the Veteran reported that she is employed less than three hours a week, and said "I can't seem to keep a steady job." She reported trying to go to school and work, and that her last job let her go because she was only available on weekends while taking classes. She also stated that she has been trying to get her degree since 2014, but has been struggling, and still has about one and a half years left of classes to complete. The examiner stated the Veteran has severe difficulty or stress in occupational and professional relationships and situations with others to include co-workers, superiors, subordinates, clients, and/or customers. The Veteran has also specifically reported that on top of her school and parenting demands, she struggles with her interpersonal relationships with coworkers, supervisors, and customers. Further symptoms reported at this examination have been discussed in detail regarding her claim for an increased rating for unspecified depressive disorder with anxious distress. The ultimate 

question of whether a Veteran is capable of substantially gainful employment is not a medical question, but rather a determination that must be made by an adjudicator. See 38 C.F.R. § 4.16 (a); Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2014). In considering the question of the Veteran's capability of securing and following substantially gainful employment, the evidence indicates that although the Veteran may be able to obtain employment, she would have major restraints finding substantially gainful employment due to her inability to finish her degree, and difficulty maintaining employment due to her symptoms of depressed mood, panic attacks affecting her ability to function, disturbances in motivation and mood, chronic sleep impairment, daily fatigue, and difficulty in adapting to stressful circumstances.

In light of the discussion above, while the evidence is not unequivocal, it has nonetheless placed the record in relative equipoise. The Court of Appeals for Veterans Claims reiterated in Wise that "[b]y requiring only an 'approximate balance of positive and negative evidence' to prove any issue material to a claim for Veterans benefits, 38 U.S.C. § 5107 (b), the nation, 'in recognition of our debt to our Veterans,' has 'taken upon itself the risk of error' in awarding such benefits." Wise v. Shinseki, 26 Vet. App. 517, 531 (2014) (citing Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990)). The Board finds no adequate basis to reject the evidence of record that is favorable to the Veteran, based on a lack of credibility or probative value. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997); Evans v. West, 12 Vet. App. 22, 26 (1998). The evidence is thus at least evenly balanced as to whether the Veteran's service-connected unspecified depressive disorder with anxious distress renders her unable to secure or follow substantially gainful employment. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to a TDIU is warranted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

 (continued on next page) 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Papacalos, Law Clerk

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.